**Alexandria**

JANE DUCKWORTH CHESKI

v.

ARLINGTON COUNTY PUBLIC SCHOOLS, et al.

No. 2481-92-4

Decided August 24, 1993

COUNSEL

George C. Towner, Jr., for appellant.

(Russell G. Henshall; Siciliano, Ellis, Dyer & Boccarosse, on brief), for appellee.

OPINION

**BARROW, J.**—The appellant, an employee of Arlington County Public Schools, appeals from a decision of the Workers' Compensation Commission barring her claim because she did not file it with the commission within the time required by law. Because the evidence fails to establish, as a matter of law, that she, or anyone on her behalf, filed her claim within the time allowed, that the employer induced her to refrain from filing a claim, or that the employer caused her to refrain from filing a claim, we affirm the commission's decision.

The employee, a teacher's aide, suffered a herniated disc in a work related accident. She submitted a ''Notice of Injury/Illness'' report and an ''Investigation'' report with the employer. She selected a physician from an panel of physicians approved by the employer.

She obtained medical care for her injury from physicians approved by the employer. The physician she initially chose treated her for approximately four months. When she became dissatisfied with his care, she changed physicians, later obtaining the consent of the employer.

The employee received various correspondence concerning her disability. This correspondence included a letter from the employer advising her to submit a physician's certificate regarding her absences from work, a letter from a vocational rehabilitation consultant requiring her to have an examination, and a "blue letter" from the commission. She identified a copy of the "blue letter" which instructed her of the necessity to file a claim.

The employee did not file a claim with the commission during the two years following the accident. Approximately two and a half years after the accident, the employer's insurance carrier notified her that it would no longer provide medical treatment or compensation for her injury. Five months later she retained an attorney and filed an application for a hearing before the commission.

## CLAIM FILED

We are unable to conclude, as urged by the employee, that information sufficient to constitute a claim was filed with the commission. Neither the material she gave to her employer nor copies of two letters written to the employee by the employer's agent that were sent to the commission are sufficient to constitute a claim.

■ A claim for an employee's right to compensation must be filed with the commission within two years of the accident. Code § 65.2-601. This requirement is satisfied only by filing the claim with the commission, not by filing it with the employer or anyone else. By giving information and filing reports with her employer, the employee did not satisfy the requirement that the claim be filed with the commission, regardless of her belief that this would constitute the filing of a claim for workers' compensation. *See id.*

■ Such a claim must identify the employer, the date of the accident, the location of the accident, and the injuries suffered. *Trammel Crow Co. v. Redmond*, 12 Va. App. 610, 614, 405 S.E.2d 632, 634 (1991). Also, it must "fairly apprise the commission that a claim [is] being made." *Id.* The two letters from the employer's risk management administrator to the employee do not constitute a claim because

they do not identify the location of the accident or the injuries suffered. More importantly, they do not apprise the commission that a claim on behalf of the employee is being made.

## ESTOPPEL

An employer's voluntary payment of compensation estops the employer from asserting the statute of limitations if the employer makes representations to the employee that induce the employee to refrain from filing a claim with the commission. *Cibula v. Allied Fibers & Plastics*, 14 Va. App. 319, 324-25, 416 S.E.2d 708, 711 (1992), *aff'd*, 245 Va. 337, 428 S.E.2d 905 (1993). The representation need not be false and the employer need not intend to induce the employee to rely on the representation. *Id.* "[P]roof of a representation, reliance, change of position, and detriment is sufficient to establish equitable estoppel." *Id.* An employee, however, is "deemed not prejudiced if . . . he has received after the accident a workers' compensation guide . . . or a notice" describing the need to file a claim with the commission. Code § 65.2-602.

The commission made various factual findings related to the employee's contention that the employer induced her to refrain from filing a claim. It found that the employer did not advise the employee that she should not file a claim with the commission; that the employee did not rely on a letter from the employer telling her that any medical treatment required because of her accident would be covered by workers' compensation; that no document, other than that letter, was sufficient to mislead her; and that the employee received a letter from the commission instructing her of the need to file a claim with the commission. Credible evidence supports these findings; therefore, we are bound by them. Code § 65.2-706; *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983). Consequently, unless we can conclude, as a matter of law, that other evidence sustains the employee's burden of proving that representations made by the employer induced the employee to refrain from filing a claim with the commission, we must affirm the commission. *See Tomko v. Michael's Plastering Co.*, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970); *Manis Constr. Co. v. Arellano*, 13 Va. App. 292, 294, 411 S.E.2d 233, 235 (1991).

The employee contends that the employer's "course of conduct" induced her to not file a claim with the commission. The course of conduct she describes consists of (1) telling her that certain documents — a report of the accident, an acknowledgement that she received a

list of approved panel physicians, and the employer's first report of accident — would be filed with the commission, (2) requiring her to use a panel physician, (3) requiring her to seek approval before changing physicians, (4) requiring her to participate in vocational rehabilitation assessments, (5) sending copies of correspondence to the commission, (6) requiring her to obtain medical certificates to verify the reason for her absences from work, and (7) recognizing that she was entitled to workers' compensation benefits. This course of conduct acknowledges that the employee's accidental injury was compensable and may well have induced the employee to believe that she was entitled to workers' compensation benefits. However, the employer's actions are no more than those one would expect from an employer conscientiously complying with the Workers' Compensation Act. They did not, as a matter of law, induce the employee to believe that she did not need to file a claim with the commission.

## IMPOSITION

Finally, the employee asserts that the employer's actions constituted an imposition upon her. The commission may ''do full and complete justice'' where the actions of an employer constitute an imposition on an employee. *John Driggs Co. v. Somers*, 228 Va. 729, 734, 324 S.E.2d 694, 697 (1985). Imposition may result when an employer, using superior knowledge and the economic leverage derived from being able to withhold benefits, pays less benefits than required without consulting or advising the employee of an alternative that would require the payment of greater benefits. *Id.* at 735, 324 S.E.2d at 697.

The employee contends that imposition resulted from the same actions of the employer that she says induced her to refrain from filing a claim. These acts were, as we previously said, consistent with those of an employer endeavoring to comply with the Act. The employer did not use superior knowledge and economic power to achieve the payment of less benefits than required by the Act.

For these reasons, we conclude that the evidence fails to establish, as a matter of law, that a claim was filed within the time allowed, that the employer induced the employee to refrain from filing a claim, or that the employer imposed upon the employee to refrain from filing a claim. The commission's decision is, therefore, affirmed.

*Affirmed.*

Coleman, J., and Koontz, J., concurred.