COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia


LESLIE FERNANDES

v.          Record No. 2182-94-4          OPINION BY
                                    JUDGE SAM W. COLEMAN III
HANDYMAN SERVICES, INC.                    AUGUST 22, 1995
AND
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Richard E. Cassell for appellant.

            Susan L. Herilla (John R. Turbitt; Slenker, Brandt,
            Jennings & Johnston, on brief), for appellees.


        Leslie Fernandes, claimant, appeals a decision of the

Workers' Compensation Commission which held that his claim for

disability benefits based upon a change in condition was time

barred by Code § 65.1-99 (now Code § 65.2-708).  The claimant

contends that the commission should have held that the employer

waived its right to plead the statute of limitations or is barred

from asserting the defense because of the doctrines of estoppel

or imposition.  We hold that because the employer had agreed in

writing, before the statute of limitations ran, to pay for the

claimant's surgery and the related temporary total disability

benefits, but then delayed approval of the surgery until the

statutory period for claiming the related disability benefits had

expired, the employer is estopped from relying upon the statute

of limitations.

        The claimant suffered a compensable injury to his elbow in

1987.  In 1988, he suffered a second compensable injury to the same elbow.  Dr. Charles Ubelhart treated both injuries.  The claimant last received disability benefits for those injuries pursuant to an award by the commission through February 4, 1990.  Thus, February 4, 1990, was the date from which the two year statute of limitations under Code § 65.2-708 ran for filing a change in condition claim in the event that the claimant suffered a subsequent period of disability.

In early February 1990, Dr. Ubelhart advised the claimant that he needed surgery to decompress the ulnar nerve in his arm.  However, Dr. Ubelhart later informed the claimant that he would not perform the surgery because the employer's insurance carrier had "cancelled" it by refusing to pay for the procedure.  The claimant then filed a change in condition application in late February 1990, requesting that the commission approve the surgery and the related period of disability.  The employer and carrier, by a letter to claimant's counsel dated March 29, 1990, agreed to pay both the surgical and associated disability benefits.[1]  A

_____

[1] The letter to the claimant's counsel stated:

> Please be advised that the employer and carrier have agreed to pay for the necessary causally related surgery proposed by Dr. Charles Ubelhart referable to Mr. Fernandes' work injury of March 16, 1988, while employed by Handyman Services, Inc.  Once the surgery has been scheduled and your client is off from work due to same, please let me know and Annalys Wilson of Crawford & Company will send you the appropriate Supplemental Memorandum of Agreement form to be signed by your client.

copy of that letter, together with another letter from defense counsel which stated, "the employer and carrier have agreed to the surgery proposed by Dr. Ubelhart," were sent to the commission. The commission took no action on claimant's February 1990, application.

In May 1990, Dr. Ubelhart determined that surgery was not immediately necessary, but would be required at a later date. In November 1991, Dr. Ubelhart determined that the claimant should have the surgery. However, the insurance carrier advised the claimant and Dr. Ubelhart that it would not pay for the claimant's surgery until it deposed the claimant and until he had an independent medical examination to determine the necessity for the surgery. The claimant filed an application with the commission on February 19, 1992, seeking approval to have the surgery. By order dated June 29, 1992, the commission dismissed the claimant's petition, stating that "the parties have amicably resolved the matter in controversy."

The claimant had surgery in June 1993. However, because the employer would not pay compensation benefits for the period of disability occasioned by the surgery, the claimant filed an application July 1, 1993. On an information form provided by the commission, signed and dated July 21, 1993, the employer and carrier stated that the claim for disability benefits was compensable and the only unresolved issue was the period of claimant's disability.

Nevertheless, at the hearing, the employer defended the

change in condition application on the ground that the claim for disability benefits was barred by Code § 65.1-99 (now Code § 65.2-708).  Following the hearing, the commission ruled that the claim was time barred as of February 5, 1992.

When the employee was injured, Code § 65.1-88 (now Code § 65.2-603) required an employer to provide for reasonable and necessary medical attention for "[a]s long as necessary after an accident."  However, when an employee has been awarded compensation benefits and the award has been terminated upon the employee's return to work, Code § 65.1-99 (now Code § 65.2-708) limits the time in which the commission may review an award under a change in condition application.  Code § 65.1-99, which was applicable when the employee filed a change in condition application, provided:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. . . . No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this Act, except: (i) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.1-56 or (ii) twenty-four months from the day that the claimant undergoes any surgical procedure compensable under § 65.1-88 to repair or replace a prosthesis.

The statute of limitations contained in Code § 65.1-99 is not a

jurisdictional requirement, Binswanger Glass Co. v. Wallace, 214 Va. 70, 74, 197 S.E.2d 191, 194 (1973), and a party can be equitably estopped from raising the statute as a defense. Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324-26, 416 S.E.2d 708, 711-12 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993).

"In the absence of fraud, [the] elements necessary to establish an equitable estoppel are a representation, reliance, a change of position, and detriment." Rucker v. Thrift Transfer, Inc., 1 Va. App. 417, 420, 339 S.E.2d 561, 562 (1986). "Where a party seeks to invoke the doctrine of estoppel he has the burden of proving it by clear, precise and unequivocal evidence." Rose v. Red's Hitch and Trailer Services, 11 Va. App. 55, 59-60, 396 S.E.2d 392, 395 (1990).

Initially, the carrier and employer agreed to pay for the claimant's surgery and the related period of disability benefits. One year and eight months later, when the doctor recommended that the claimant have the surgery, the insurance carrier represented that it would not pay for the surgery until the claimant submitted to depositions and an independent medical examination. At that time, neither the employer nor the carrier informed the claimant that were the need for surgery verified, it, nevertheless, would not pay the related disability benefits as had been previously agreed.

This claimant cannot be charged with the knowledge that, beyond verifying the need for surgery, the carrier intended to abrogate its previous agreement to pay the benefits. See Cibula,

14 Va. App. at 325-26, 416 S.E.2d at 711-12. By taking the position that it would require verification of the need for surgery after having previously agreed to pay for it, the carrier delayed the surgery until the statute of limitations ran for filing a change in condition application. The carrier did not inform the claimant that even if the need for surgery was verified, it was revoking or nullifying its agreement to pay for the related disability benefits. In fact, when the claimant filed for benefits after the surgery, the employer filed a form with the commission which represented that the only matter in dispute was the period of disability, not the propriety of the commission's review of the change in condition application. The refusal to pay for the previously agreed disability benefits based on the statute of limitations bar was not raised until the hearing. Because the carrier and the employer failed to rescind or change the agreement to pay for the surgery and related disability benefits, as set forth in the letter of March 29, 1990, the claimant was entitled to rely on that agreement. See Nabisco Brands, Inc. v. Jones, 12 Va. App. 1028, 1030-32, 407 S.E.2d 919, 920-21 (1991) (showing claimant was induced by and relied on her employer's actions). The carrier did not abrogate its earlier representation to pay for the disability benefits and the claimant had no knowledge that the carrier wanted to do anything other than verify the need for

surgery. See Cibula, 14 Va. App. at 325-26, 416 S.E.2d at

-6-

711-12.

We, therefore, reverse the commission's decision that Code § 65.1-99 (now Code § 65.2-708) barred its review of claimant's change in condition application.  We remand this case to the commission to consider the application and to enter an appropriate award, provided the claimant proves a related period of disability.

<u>Reversed and remanded.</u>
