COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


HOME BENEFICIAL CORPORATION AND
 CONTINENTAL INSURANCE COMPANY

                                     MEMORANDUM OPINION* BY
v.    Record No. 1155-99-1          JUDGE ROBERT P. FRANK
                                          MAY 30, 2000
MARGARET M. JACKSON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Jennifer Marwitz (William F. Karn; Law
          Offices of Roya Palmer Ewing, on brief), for
          appellants.

          No brief or argument for appellee.


     Home Beneficial Corporation and Continental Insurance

Company (appellants) contend the Workers' Compensation

Commission (commission) erred in finding that appellants are

equitably estopped from asserting the two-year limitations

period contained in Code § 65.2-601.  We disagree and affirm the

commission's decision.

                    I.  BACKGROUND

     Margaret M. Jackson (claimant) sustained a compensable

right knee injury on January 4, 1996.  She filed her claim for

benefits on March 13, 1998, more than two years after the date

of the accident.  She testified that not too long after her

_____

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

accident, she received papers, including an informational pamphlet ("Blue Letter"), from the commission. She took those papers to one of her supervisors, either Gary Pope or Joseph Padgett, and asked what she should do with the papers. According to claimant, Pope responded that she did not have to do anything because "everything had been taken care of."

Claimant stated that when she received papers, including medical bills, she took them to one of her supervisors. The supervisors always told her that everything had been done. Therefore, she "didn't do anything."

Claimant admitted that she never read the "Blue Letter" sent by the commission. She did not remember whether her supervisor looked at the papers from the commission, but did not believe that he read those documents.

Gary Pope, one of the supervisors, testified that he did not recall the specifics of any conversation with claimant. He testified that she did bring in some forms. He stated, "But as far as the statement that everything was taken care of, that was on behalf of the company's part of it." Pope later indicated that he did not recall having any conversations with claimant when she brought in the workers' compensation forms, but did recall her bringing in medical bills. He did not recall telling claimant that she did not have to do anything.

The other supervisor, Joseph Padgett, did not recall claimant bringing in any workers' compensation papers.

-

The commission concluded:

> Based upon the evidence presented, the
> Deputy Commissioner impliedly found the
> claimant's testimony to be credible.  We
> have carefully reviewed the record, and
> agree with this credibility determination.
> Pope as much as admitted that he had told
> the claimant that everything had been taken
> care of, although he indicated that he was
> referring merely to the employer's
> processing of the claim.  We conclude that
> the conversation took place as asserted by
> the claimant.

The commission held that appellants were estopped from asserting the two-year statute of limitations.

## II.  ANALYSIS

Appellants do not dispute the commission's finding of fact as to their representation to claimant.  Instead, appellants contend since claimant received the commission's "Blue Letter," which fully advised her of her rights and responsibilities under the Act, she is not entitled to a finding of equitable estoppel.

The findings of the commission, if based upon credible evidence, are conclusive and binding upon this Court.  See Code § 65.2-706; Falls Church Constr. Co. v. Laidler, 254 Va. 474, 478-79, 493 S.E.2d 521, 524 (1997) (citations omitted); Southern Express v. Green, 26 Va. App. 439, 445, 495 S.E.2d 500, 503 (1998) (citation omitted).

To prove estoppel, a claimant must show by "clear, precise and unequivocal evidence" that he or she relied to his or her detriment upon an act or statement of the employer or its agent

-

to refrain from filing a claim within the statutory period. Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 59-60, 396 S.E.2d 392, 394-95 (1990) (citing Brown v. Lawson Transportation Corp., 7 Va. App. 679, 681, 377 S.E.2d 136, 137 (1989)). Estoppel "does not require proof that the representation be false or that the employer intend to induce reliance. The employee's case is made if the 'representation . . . did in fact induce the [employee] to refrain from filing.'" Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 325, 416 S.E.2d 708, 711 (1992) (quoting Stuart Circle Hosp. v. Alderson, 223 Va. 205, 208, 288 S.E.2d 445, 446 (1982)). "[P]roof of a representation, reliance, change of position, and detriment is sufficient to establish equitable estoppel." Id. at 324, 416 S.E.2d at 711 (citations omitted).

Appellants cite Cibula for the underlying importance of receipt of the commission's "Blue Letter" in the context of equitable estoppel. We find appellants' reliance on Cibula misplaced.

In Cibula, the commission found that when the claimant asked the employer's agent what he needed to do, the agent informed the claimant that he needed to do nothing except turn in his expense statements. See id. at 321, 416 S.E.2d at 709. There was a further finding that the employer's agent told the claimant that "the claim had been turned in to the . . . Commission." Id. The commission further found that claimant

-

never received the "Blue Letter" from the commission, which would have provided the claimant with the statutory notice concerning the filing procedure. See id. at 321-22, 416 S.E.2d at 709-10. This Court found that the uncontroverted evidence supported the claimant's contentions that he had no reason to know that he had to take other action on his claim and that he relied upon the agent's representation. See id. at 325, 416 S.E.2d at 711-12. In reversing the commission, this Court found that the claimant need not prove that the representation be false or that the employer intended to induce reliance. See id.

Appellants, however, rely on dicta in Cibula in support of their position. They contend that equitable estoppel should not apply in the instant case since claimant received the "Blue Letter," which, had claimant read it, would have informed her that she had to take other actions on her claim. The issue in Cibula was the commission's ruling that the claimant "was required to prove 'a false representation or concealment of material facts' or an 'intent [by Allied] to have [Cibula] act upon the misrepresentation or concealment.'" Id. at 324, 416 S.E.2d at 711. The discussion of the "Blue Letter" was not central to the ratio decidendi and was, therefore, dicta. We are not bound by dicta. See Harmon v. Peery, 145 Va. 578, 583-84, 134 S.E. 701, 703 (1926).

Further, in Cheski v. Arlington County Public Schools, 16 Va. App. 936, 434 S.E.2d 353 (1993), decided after Cibula, we

-

again addressed equitable estoppel in the context of the "Blue Letter."  In Cheski, the claimant received the "Blue Letter" but did not file her claim within the two-year limitation period.  See id. at 938, 434 S.E.2d at 354.  The claimant maintained that "the employer's 'course of conduct' induced her to not [timely] file a claim with the commission."  Id. at 939, 434 S.E.2d at 355.  This Court analyzed the facts to determine if there was such an inducement.  See id. at 939-40, 434 S.E.2d at 355-56.  If, as appellants assert, Cibula stands for the proposition that the receipt of the "Blue Letter" in itself bars equitable estoppel, the Cheski Court would not have needed to determine whether the employer's "course of conduct" induced claimant not to file her claim.

We are persuaded that whether or not claimant received the "Blue Letter" is not a factor in an analysis of equitable estoppel as long as the claimant proves the elements of equitable estoppel.[1]

---

[1] Code § 65.2-601 only requires that the claim be filed with the commission within two years.  The Code and the Rules of the Commission do not require that the claimant, himself, file the claim.

In this case, even if claimant had read the commission's "Blue Letter," she still could reasonably rely on her supervisor's representation that the employer would file the appropriate claim on her behalf.

This opinion is limited to situations where equitable estoppel is used in a statute of limitations context.

We do not address the implication of a claimant receiving the "Blue Letter" when "tolling" of the statute of limitations under Code § 65.2-602 is the issue.

-

The commission found that claimant met her burden.  In its

opinion, the commission stated:

> We find that the claimant has met her burden
> of proving equitable estoppel.  Her
> testimony establishes clear, concise and
> unequivocal evidence that she reasonably
> relied upon the statements of her supervisor
> and therefore did not file her claim.
> Although the employer did not have
> fraudulent intent to mislead the claimant,
> we find that Pope's statements did, in fact,
> induce the claimant to understand that she
> needed to take no further action in order to
> perfect her claim.  Through its actions, the
> employer lulled the claimant into a belief
> that her claim was accepted and that she did
> not have to take any further actions to
> protect her rights.

We agree with the commission and affirm its decision.

Affirmed.
