COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


FRENY WERBINSKI
                                      MEMORANDUM OPINION* BY
v.    Record No. 3046-00-1        JUDGE JERE M. H. WILLIS, JR.
                                           JUNE 5, 2001
CITY OF NORFOLK POLICE DEPARTMENT


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            John H. Klein (Montagna, Klein & Camden,
            L.L.P., on brief), for appellant.

            Cynthia B. Hall, Deputy City Attorney
            (Bernard A. Pishko, City Attorney; Martha P.
            McGann, Deputy City Attorney, on brief), for
            appellee.


     On appeal from a decision of the Workers' Compensation

Commission denying her application for benefits, Freny Werbinski

contends that the commission erred in holding that neither the

doctrine of equitable estoppel nor the doctrine of imposition

precluded reliance upon the two-year statute of limitations set

forth in Code § 65.2-708(A).  Finding no error, we affirm the

commission's decision.

                        I.  BACKGROUND

     On March 9, 1995, Werbinski sustained a compensable back

injury while working for the Norfolk Police Department (the

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Department).  The Department accepted the claim as compensable and paid her compensation through May 14, 1995, pursuant to awards dated May 9, 1995 and June 21, 1995.

On June 23, 1999, Werbinski filed a claim for additional benefits.  She testified that after the accident, she came under the care of Dr. Lisa Barr, a physical medicine and rehabilitation specialist.  Werbinski testified that she missed time from work in 1996 for "lumbar blocks" and "epidural injections."  She stated that when Dr. Barr instructed her to miss work because of these procedures, she reported those directions to her supervisor who told her to "fill out [her] leave slips and check [the] block that said workers' comp. related."  However, she could not identify when she last submitted leave slips.

Werbinski testified that she would give the leave slips to her sergeant or to her supervisor, at one point Sergeant Bruner. When she was transferred to the detective department, she was instructed to give the slips to the captain's secretary, Angelia Lundy, and later to Willie Schaffer.  When asked what those people told her, Werbinski replied:  "They didn't ask for any other paperwork.  When I asked if anything else had to be done, they said no, this is it."

Werbinski further testified that during her 1996 absences from work, she received her regular salary from the Department, without deductions from her annual, sick, or personal leave

-

balances.  She acknowledged that she left employment by the Department in January 1998.

Cheryl Barker, an adjuster handling Werbinski's workers' compensation claim for Trigon Administrators, reviewed her records and testified that the last payment for workers' compensation was made on May 14, 1995.  Payroll records confirmed this.

The deputy commissioner dismissed Werbinski's application, ruling that she had not filed her claim for benefits timely and that the doctrines of estoppel and imposition did not apply.

The full commission affirmed the deputy's decision, holding that,

> [Werbinski] has failed to establish a basis for applying the principle of estoppel or imposition.  In reaching this conclusion, we note that the sole evidence for such a finding must be based on the exchange when [Werbinski] handed paperwork concerning her absence from work to either a supervisor or secretarial personnel.  There was no evidence that when the employer told her nothing else had to be done, either the question or the answer related to the workers' compensation claim, as opposed to any other reason for which [Werbinski] could submit a leave slip.

> This evidence, coupled with the fact that [Werbinski] received her regular paycheck with no deductions for sick or personal leave, is not sufficient to establish . . . estoppel. . . . We can find nothing, based on the record offered, to establish that employer's actions were inconsistent with an endeavor to comply with the Act or any such action took place that

-

was of such a nature as to require
application of the doctrine of imposition.

## II.  ANALYSIS

On appeal, we view the evidence in the light most favorable to the party prevailing below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that Werbinski proved either that she filed a timely claim or that imposition or equitable estoppel precluded reliance upon the statute of limitations, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Code § 65.2-708(A) provides that the commission may review any award on the ground of a change in condition, except that "[n]o such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title."  Id.  The record establishes that benefits were last paid pursuant to an award on May 14, 1995. Because Werbinski's June 23, 1999 application for a change in condition was filed more than twenty-four months after May 14, 1995, it was untimely.  However, Werbinski argues on appeal that the doctrines of equitable estoppel and imposition preclude application of the statute.  We disagree.

-

## A. EQUITABLE ESTOPPEL

To support estoppel, Werbinski must prove by "clear, precise and unequivocal evidence" that in refraining from filing a claim within the statutory period, she relied upon an act or statement of the Department or its agent.  Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 59-60, 396 S.E.2d 392, 394-95 (1990).

The commission held that the Department or its agents made no representation that induced Werbinski to refrain from filing a timely claim.  It further held that "[t]here was no evidence that when [the Department] told [Werbinski] nothing else had to be done, either the question or the answer related to the workers' compensation claim, as opposed to any other reason for which [Werbinski] could submit a leave slip."  The record supports these findings.  Moreover, Werbinski could not state when she last provided the leave slips to her supervisor.  This evidence supports the commission's ruling that the Department was not equitably estopped from relying upon the statute of limitations.

## B. IMPOSITION

The doctrine of imposition "empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown."  Avon Products, Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992).

-

The commission correctly held that the doctrine of imposition did not apply because the Department's actions were "consistent with those of an employer endeavoring to comply with the Act.  [The Department] did not use superior knowledge and economic power to achieve the payment of less benefits than required by the Act."  Cheski v. Arlington Co. Public Schools, 16 Va. App. 936, 940, 434 S.E.2d 353, 356 (1993).  Moreover, the evidence supports the commission's finding that Werbinski received a notification letter, along with a pamphlet, which contained information concerning the applicable statute of limitations.  Werbinski's failure to pursue her claim properly, rather than any action by the Department, caused her claim to lapse.  Thus, the evidence supports the commission's ruling that the doctrine of imposition did not preclude the Department from relying upon the statute of limitations.

We affirm the commission's decision.

Affirmed.

-