COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


RONALD W. CRAFT

MEMORANDUM OPINION* BY
v.    Record No. 0874-01-2          JUDGE LARRY G. ELDER
                                     NOVEMBER 6, 2001
COMMERCIAL COURIER EXPRESS, INC. AND
 MICHIGAN MUTUAL INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        T. Bryan Byrne for appellant.

        S. Vernon Priddy III (Sands Anderson Marks &
        Miller, on brief), for appellees.


     Ronald W. Craft (claimant) appeals from a decision of the

Workers' Compensation Commission (commission) holding that the

statute of limitations barred his May 1, 1998

change-in-condition application for an award of temporary total

and permanent partial disability benefits from Commercial

Courier Express, Inc. and Michigan Mutual Insurance Company

(employer) for injuries he sustained on July 11, 1994.  We

reject claimant's contentions that a de facto award existed or

that imposition or equitable estoppel prevented employer from

asserting the statute of limitations as a defense, and we hold

─────────────

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

that the statute of limitations bars the current application for disability benefits.[1]

Assuming without deciding that the existence of a de facto award may impact the operation of the statute of limitations on the timeliness of a change-in-condition application, no de facto award existed here.[2]  "[A] de facto award will be recognized" where "the employer [(1)] has stipulated to the compensability of the claim, [(2)] has made payments to the employee for some significant period of time without filing a memorandum of

---

[1] We reject employer's contention that appellant waived his right to challenge the statute of limitations on appeal or that the appeal is barred because the commission already ruled on this issue.  Claimant's argument was akin to pleading in the alternative and does not prevent him from challenging application of the statute of limitations based on some exception.  See 2 Charles E. Friend, The Law of Evidence in Virginia § 18-47, at 243-45 (4th ed. 1993); see also, e.g., Chesapeake & Potomac Tel. Co. v. Williams, 10 Va. App. 516, 519, 392 S.E.2d 846, 848 (1990).  Further, the deputy commissioner's consideration of these claims constituted an implicit holding that the orders dismissing claimant's claims applied only to those claims which were pending at the time claimant failed to appear for his deposition.  The order served as a sanction for claimant's failure to appear for his deposition on April 10, 1998, and it was within the discretion of the commission to determine the scope of that sanction.  See Craft v. Commercial Courier Express, Inc., No. 1517-99-2, slip op. at 2-3 (Va. Ct. App. Dec. 7, 1999).  That dismissal directly affected only the claims "pending" as of the date of the dismissal, April 13, 1998.  Id.

[2] The existence of a de facto award would not save the claim for temporary disability benefits because the two-year statute of limitations on the temporary disability claim would have expired on June 29, 1997, well before claimant's May 1, 1998 change-in-condition application.

agreement, and [(3)] fails to contest the compensability of the injury," because, under those circumstances, "it is 'reasonable to infer that the parties ha[ve] reached an agreement as to the payment of compensation.'" Ryan's Family Steak Houses, Inc. v. Gowan, 32 Va. App. 459, 463, 528 S.E.2d 720, 722 (2000) (quoting Nat'l Linen Serv. v. McGuinn, 5 Va. App. 265, 269-70, 362 S.E.2d 187, 189 (1987) (en banc)).

Here, employer accepted the initial injury and disability as compensable, and it promptly filed a memorandum of agreement when claimant experienced a subsequent period of disability beginning December 2, 1994. Employer promptly asked the commission to vacate the award when it discovered an error in the compensation rate. Immediately after the commission vacated the award, employer notified claimant and the commission that it also contested the issues of causation and extent of disability, and employer promptly terminated claimant's benefits. Thus, a de facto award did not exist because employer's actions ultimately belied any assumption that the parties had reached an agreement and because appellant was aware of the absence of an agreement no later than September 1995, leaving him ample time remaining in which to pursue his claims. It was claimant's choice to withdraw his claim for an award for temporary total disability benefits beginning December 2, 1994 at the December 1995 hearing before the deputy commissioner, and it was

- 3 -

claimant's refusal to appear for deposition that resulted in the dismissal of additional timely filed claims.

The doctrine of imposition does not apply to toll the statute of limitations. Imposition is based on the principle that "the commission has 'jurisdiction to do full and complete justice in each case,' . . . even though no fraud, mistake or concealment has been shown." Avon Prods., Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992) (quoting Harris v. Diamond Constr. Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946)). "The doctrine focuses on an employer's or the commission's use of superior knowledge of or experience with the Workers' Compensation Act or use of economic leverage, which results in an unjust deprivation to the employee of benefits warranted under the Act." Butler v. City of Va. Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996). The doctrine does not apply where the employer's acts are consistent with an endeavor to comply with the Act. See Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 940, 434 S.E.2d 353, 356 (1993).

Nothing in this record establishes that employer used economic leverage or superior knowledge of the Act to effect an unjust deprivation of benefits, and nothing indicates it did not endeavor to comply with the Act. To the contrary, employer accepted the claim for disability benefits from December 2, 1994 and continuing, paid those benefits voluntarily, and prepared a

- 4 -

supplemental memorandum of agreement upon which the commission entered a compensation award.  Employer's request to vacate the award due to an error in the compensation rate and its subsequent challenge to the award based on issues of causation and extent of disability reflect nothing further than the exercise of its rights under the Act.  Although claimant contends employer acted to avoid paying benefits after claimant rejected employer's settlement offer, claimant withdrew his request for entry of an award for the period of December 2, 1994 through June 29, 1995 and continuing, thereby depriving the commission of the opportunity to determine claimant's ongoing entitlement to those benefits.  Finally, as discussed above, claimant's actions in failing to appear for his deposition, which resulted in the dismissal of his pending claims and expiration of the applicable statutes of limitations, were the ultimate cause of his inability to pursue his claims.

Finally, equitable estoppel also does not toll the statute of limitations under the facts of this case.  "In the absence of fraud, [the] elements necessary to establish an equitable estoppel are a representation, reliance, a change in position, and detriment."  Rucker v. Thrift Transfer, Inc., 1 Va. App. 417, 420, 339 S.E.2d 561, 562 (1986).  An "employer is not estopped from asserting the statute of limitations defense merely because it voluntarily paid (1) medical bills, (2) wages,

or (3) benefits." <u>Strong v. Old Dominion Power Co.</u>, 35 Va. App. 119, 125, 543 S.E.2d 598, 600 (2001) (citations omitted).

Despite claimant's contentions, our holding in <u>Fernandes v. Handyman Servs., Inc.</u>, 20 Va. App. 708, 460 S.E.2d 602 (1995), does not estop employer from asserting the statute of limitations. In claimant's case, like in <u>Fernandes</u>, employer agreed in writing to the compensability of the initial claim and the period of disability beginning December 2, 1994. However, unlike in <u>Fernandes</u>, employer unequivocally withdrew from that written agreement before the statute of limitations for filing a change-in-condition application had expired. Furthermore, it did so (1) in September 1995, substantially in advance of that expiration, (2) in writing, and (3) at a time after claimant had retained counsel. Claimant's subsequent withdrawal of his request for entry of an award for the disputed period and his failure to appear for his deposition, rather than any actions of employer, were the ultimate cause of his inability to pursue his claims.

Thus, we affirm the commission's decision denying claimant's application for temporary total and permanent partial disability benefits. We note, however, that Deputy Commissioner Herring's opinion of December 8, 1998 provides that employer "shall continue to be responsible for medical care and treatment proximately related to the July 11, 1994, left leg and right arm

injuries suffered by [claimant] for as long as necessary."
Because the commission's June 3, 1999 dismissal of claimant's
claims was without prejudice, claimant remains free to refile
any claims for medical benefits which were dismissed pursuant to
the deputy commissioner's December 8, 1998 opinion as well as
any other claims for medical treatment.

<u>Affirmed.</u>