COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Humphreys
Argued at Alexandria, Virginia


CAROL REMINGTON

MEMORANDUM OPINION* BY
v.   Record No. 2099-02-4   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                    MARCH 4, 2003
GLOBAL ONE COMMUNICATIONS, LLC AND
 GREAT NORTHERN INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Jeremy Flachs (D. Michael Mullori, Jr., on
          brief), for appellant.

          Iris W. Redmond (Midkiff, Muncie & Ross,
          P.C., on brief), for appellee.


     Carol Remington (claimant) contends the Workers'

Compensation Commission (commission) erred in finding that her

Claim for Benefits was barred by the statute of limitations and

in failing to apply the doctrine of imposition.  Finding no

error, we affirm the commission's decision.

I.  Facts

     We view the evidence in the light most favorable to the

employer, who prevailed below.  See Westmoreland Coal v.

Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999).  The

commission's factual findings are conclusive and binding on this

Court when those findings are based on credible evidence.  See

     * Pursuant to Code § 17.1-413 this opinion is not
designated for publication.

<u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989), and Code § 65.2-706. "The fact that there is contrary evidence in the record is of no consequence." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Claimant, a 25 year employee of Global One Communications, LLC (employer), received a diagnosis of bilateral carpal tunnel syndrome December 5, 1997 and reported it to her employer December 9, 1997. Her employer requested a date of injury and claimant said:

> I told Teresa that there wasn't an actual
> date of injury because carpal tunnel doesn't
> happen as an injury, it builds over time.
> She said she had to have a date and to just
> pick one. I said, well, I can't. She said
> just randomly pick a date and so I picked
> June 13 . . . 1997.

Claimant received a denial letter from the insurance carrier dated January 28, 1998. The letter stated:

> On July 1, 1997 the law which prohibited
> Carpal Tunnel Syndrome as a compensible
> [sic] injury has been overturned by the
> state of Virginia. The law still deems that
> any Carpal Tunnel Syndrome injury prior to
> the overturn date is Not Compensible [sic]
> and maybe denied for benefits unless
> medically proved the injury was acquired
> after July 1, 1997.

Claimant called the commission and requested a copy of the bill referenced in the letter. On February 13, 1998, Chief Deputy Commissioner Link sent her a copy of the bill. Claimant sent a letter back by facsimile to Chief Deputy Commissioner

Link the same day noting that she had filed a "workers' compensation claim with my company's insurance carrier" and requested further information.  The letter was on the letterhead of Global One and delineated the subject at issue as being the "Carpal Tunnel Syndrome Bill."  Claimant asked several questions in the letter about filing a claim.  They included:  "Is the determining factor diagnosis and subsequent treatment?  Or is it the date that I started to have pain, tingling, etc.?  What timeframe will the insurance company use for my claim?"  She concluded her inquiry with "I look forward to your response about the interpretation of the 'compensable' time frame."

Chief Deputy Commissioner Link responded on February 27, 1998 and informed claimant that "[t]he date on which your treating physician diagnosed carpal tunnel syndrome and communicated that date [sic] to you is the date from which the statute of limitations will be deemed to run and will be deemed the date of injury."  Claimant amended the date of loss with employer, and her claim was accepted as compensable by employer on April 2, 1998.  Employer reported the claim to the commission on April 6, 1998, and the standard notification letter or "blue letter" was mailed to claimant April 10, 1998.

Claimant acknowledged receipt of the "blue letter" and specifically recalled reading paragraph three on the back of the letter.  Paragraph three states:

> If the carrier or the self insured employer denies your claim <u>or</u> fails to provide a Memorandum of Agreement form <u>or</u> if you do not receive an Award Order, you should file a Claim for Benefits form to protect your rights.  A form is included in the enclosed booklet.
>
> Your Claim for Benefits form must be filed with the Commission within the following time:
>
>     *     *     *     *     *     *     *
>
> Occupational disease - Two years from the date you were told by the doctor that the disease was related to your work . . . .

(Emphasis added).

Claimant filed her Claim for Benefits form January 29, 2001, a period in excess of the time required by Code § 65.2-601.  Claimant sought payment for permanent disability and lifetime medical benefits.  She did not seek indemnity benefits because her employer paid her short term disability benefits for the duration of her leave.

At the hearing before the deputy commissioner, claimant argued that the statute of limitations was tolled by the payment of wages in lieu of compensation, the employer was estopped from asserting the statute of limitations by its actions and that the doctrine of imposition applied.  The deputy commissioner found that the claim was time barred, the tolling provision did not apply, nor did the doctrines of estoppel or imposition.

Claimant appealed to the full commission and for the first time added the additional claim that her facsimile of February

- 4 -

13, 1998 was a Claim for Benefits.  In its decision, the commission stated:

> We find that [claimant's February 13, 1998 facsimile], which inquired regarding the timeframe for filing a claim and to which the Chief Deputy Commissioner responded by informing the claimant of her need to file a Claim for Benefits within two years, was not a Claim for Benefits.
>
>     \*        \*        \*        \*        \*        \*        \*
>
> [W]e find no action by the employer, the carrier, or the Commission that the claimant could have reasonably relied on in failing to file her claim in a timely manner. Therefore, we find the doctrine of imposition inapplicable.
>
>     \*        \*        \*        \*        \*        \*        \*
>
> [W]e note that the mere payment of benefits does not establish a de facto award. Moreover, the Commission has no authority to enter a de facto award in cases that involve a jurisdictional issue of failing to file within two years from the date of injury.[1]

Claimant appealed that decision.

## II.  Statute of Limitations

### A.  Claim for Benefits

Appellant first contends that her February 13, 1998 facsimile to Chief Deputy Commissioner Link constituted the filing of her Claim for Benefits.  We disagree.

Code § 65.2-406 provides:  "The right to compensation under this chapter shall be forever barred unless a claim is filed

---

[1] Claimant abandoned her de facto award argument on appeal.

- 5 -

with the Commission within . . . two years after a diagnosis of the disease is first communicated to the employee . . . ."

"[C]laimant . . . must show that [her] original claim was timely filed, for such filing within the statutory period is jurisdictional."  Binswanger Glass Co. v. Wallace, 214 Va. 70, 73, 197 S.E.2d 191, 193 (1973).

> [The requirement of Code § 65.2-406] is satisfied only by filing the claim with the commission, not by filing it with the employer or anyone else.  By giving information and filing reports with [the] employer the employee did not satisfy the requirement that the claim be filed with the commission, regardless of her belief that this would constitute the filing of a claim for workers' compensation.

Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 938, 434 S.E.2d 353, 355 (1993).

Commission Rule 1.1(A) provides the requirements for a Claim for Benefits:

> An original claim for benefits shall be in writing, signed and should set forth:
>
> 1.  Employee's name and address;
>
> 2.  Employer's name and address;
>
> 3.  Date of accident or date of communication of occupational disease;
>
> 4.  Nature of injury or occupational disease;
>
> 5.  Benefits sought:  temporary total, temporary partial, permanent total, permanent partial or medical benefits;
>
> 6.  Periods of disability, if appropriate.

> "The basic nature of the notice required by [the Workers' Compensation Act] and the necessity for an applicable jurisdictional limitation are apparent. . . . It is this notice that sets in motion the machinery to determine whether or not an employee has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether permanent or temporary, and whether compensable or not. This is the notice which activates the right of the employee to compensation and which invokes the jurisdiction of the . . . Commission."

Massey Builders Supply Corp. v. Colgan, 36 Va. App. 496, 503, 553 S.E.2d 146, 150 (2001) (quoting Binswanger, 214 Va. at 73, 197 S.E.2d at 194.

All parties stipulated that the date of the communication of the diagnosis of carpal tunnel syndrome was December 5, 1997. Thus, claimant was required to file her Claim for Benefits prior to December 5, 1999. Claimant's facsimile inquiry to Chief Deputy Commissioner Link failed to meet the criteria for a Claim for Benefits. While it contained the name and address of Global One, it did not specify it was the employer at the time the injury was sustained nor did it request any benefits. It merely contained questions concerning the time frame for filing a Claim for Benefits that Chief Deputy Commissioner Link answered clearly and unambiguously. Credible evidence supports the commission's finding that the facsimile was not a Claim for Benefits.

B.  Paragraph Three of the "Blue Letter"

Claimant next argues that she should be excused from timely filing her Claim for Benefits because the commission's notification or "blue letter" was unclear.  This contention is without merit.

After the employer sent the first report of injury to the commission, the commission sent claimant the standard notification letter or "blue letter" which contained the statute of limitations information.  Claimant admitted she read paragraph three which expressly stated that a Claim for Benefits must be filed with the commission within two years from the date of communication of the diagnosis.  The "blue letter" specifically addressed the need for claimant to file a Claim for Benefits within the applicable statute of limitations, and Chief Deputy Commissioner Link's letter repeated that information. Paragraph three of the "blue letter" clearly lists the triggering mechanisms for filing a claim in the disjunctive.

> If the carrier or the self insured employer denies your claim or fails to provide a Memorandum of Agreement form or if you do not receive an Award Order, you should file a Claim for Benefits form to protect your rights.  A form is included in the enclosed booklet.
>
> Your Claim for Benefits form must be filed with the Commission within the following time:
>
> *     *     *     *     *     *     *

> Occupational disease - Two years from the
> date you were told by the doctor that the
> disease was related to your work . . . .

(Emphasis added). Usually, phrases separated by a comma and the disjunctive "or," are independent. See, e.g., Ruben v. Secretary of DHHS, 22 Cl. Ct. 264, 266 (1991). Claimant never received either a Memorandum of Agreement or an Award Order. Thus, she was required to file a timely Claim for Benefits. Claimant's misreading of the "blue letter" requirements does not extend her time for filing under the Act. The commission did not err in dismissing claimant's Claim for Benefits as time barred.

### III. Imposition

Lastly, claimant argues that the commission erred in failing to apply the doctrine of imposition.[2]

> Within the principles established by
> statutes and the decisions construing them,
> the commission has jurisdiction to do full
> and complete justice in each case. From
> that principle has developed the concept
> known as "imposition," which empowers the
> commission in appropriate cases to render
> decisions based on justice shown by the
> total circumstances even though no fraud,
> mistake or concealment has been shown.

---

[2] Claimant also argues on brief that the deputy commissioner's exclusion of a letter from the insurance carrier was error. While the commission did not address this argument in its opinion, under the facts of this case, we find no abuse of discretion as the letter was cumulative of the evidence already before the commission.

Avon Products, Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992) (internal quotations and citations omitted). "Imposition may result when an employer, using superior knowledge and the economic leverage derived from being able to withhold benefits, pays less benefits than required without consulting or advising the employee of an alternative that would require the payment of greater benefits." Cheski, 16 Va. App. at 940, 434 S.E.2d at 356. We have held that "the doctrine of imposition does not apply where a carrier's or employer's acts are consistent with an endeavor to comply with the Act." Odom v. Red Lobster # 235, 20 Va. App. 228, 234, 456 S.E.2d 140, 143 (1995) (citing Cheski, 16 Va. App. at 940, 434 S.E.2d at 356).

In the instant case, the actions of the employer and carrier show no more than an effort to comply with the requirements of the Act. The claim was reported to the commission as required, and the claimant received the "blue letter" informing her of the need to file a Claim for Benefits within the appropriate statute of limitations. The employer paid the applicable benefits and while she was still employed, accommodated her physical limitations. There is no evidence that the employer used "superior knowledge and economic power to achieve the payment of less benefits than required by the Act." Cheski, 16 Va. App. at 940, 434 S.E.2d at 356. Credible evidence supports the commission's finding that "no action by the employer, the carrier, or the commission that the claimant

could have reasonably relied [upon prevented her] . . . fil[ing] her claim in a timely manner."

For the foregoing reasons, the decision of the commission is affirmed.

<u>Affirmed.</u>