## Richmond

### Jesse Sledge, Et Al. v. Charlie C. Price.

April 26, 1971.

Record No. 7442.

Present, All the Justices.

*Fred W. Bateman*, for appellants.

*Randolph T. West*, for appellee.

Per Curiam.

Code § 65.1-99 (formerly § 65-95) provides that no review of an award may be made by the Industrial Commission, on the ground of a change of condition, after twelve months from the last day for which compensation was paid under such award. In this case, the application for review was filed long after the twelve-month period had passed, yet the Commission allowed the review and entered a new award. This was error.

The record shows that Charlie C. Price, the employee, was injured on April 20, 1967, in the course of his employment with Jesse Sledge, the employer. On May 19, 1967, the employee and the employer, together with the latter's insurance carrier, Nationwide Mutual Insurance Company, entered into an agreement providing for payment of compensation to the employee. The agreement was filed with and approved by the Commission, and an award was entered thereon.

The last day for which compensation was paid under the award was May 14, 1967. Thereafter, the employee returned to work at his regular salary. However, he continued to experience difficulty with his right arm, and he was treated by physicians furnished him by the employer.

On January 31, 1969, or twenty and one-half months after the last day for which compensation was paid, the employee filed his application for review, claiming that he was entitled to compensation for total disability. The application was docketed, and a hearing was held before Commissioner Miller. The employer and Nationwide defended the application on the ground that it had not been filed within the twelve-month period prescribed by Code § 65.1-99. Commissioner Miller ruled that the employee was entitled to further compensation.

Upon review before the full Commission, a majority was of opinion that the employer and Nationwide were estopped to plead the limitation provisions of Code § 65.1-99. Accordingly, the award now under review was entered in favor of the employee.

The lone fact relied upon by the majority of the Commission to support the theory of estoppel was that Nationwide had failed to file certain medical reports with the Commission. These were the reports of two doctors who had examined the employee and found him to be suffering a 25 percent permanent disability in his right arm.

However, as the dissenting Commissioner pointed out, one of the reports in question was not prepared until December, 1968, and the other until January, 1969, or well after the end of the twelve-month period from May 14, 1967. So Nationwide's failure to file the reports could not possibly have been the cause of the employee's failure to make application for review within the prescribed time. There was nothing before the Commission, therefore, upon which to base an estoppel against the employer and Nationwide.

We are of opinion that the twelve-month limitation of Code § 65.1-99 is applicable to this case and bars recovery by the employee. Accordingly, the award of the Commission of December 9, 1969, will be reversed and the employee's application for review dismissed.

*Reversed and dismissed.*