## Richmond

BINSWANGER GLASS COMPANY—NATIONAL GYPSUM COMPANY AND HARTFORD ACCIDENT AND INDEMNITY COMPANY v. FRED D. WALLACE.

June 11, 1973.

Record No. 8173.

Present, All the Justices.

*Frank B. Miller, III* (*Sands, Anderson, Marks & Clarke*, on brief), for appellants.

*George William Warren, IV* (*Hall, Hall & Warren*, on brief), for appellee.

HARRISON, J., delivered the opinion of the court.

We consider here whether the 12-month period provided by Code § 65.1-99 for a review by the Industrial Commission of a compensation award on a change in an employee's condition is a jurisdictional time limitation.

Fred D. Wallace sustained an injury on December 23, 1969 in an automobile accident between a motor vehicle owned by his employer, Binswanger Glass Company—National Gypsum Company, and another vehicle owned by a third party. Binswanger and its workmen's compensation carrier, Hartford Accident and Indemnity Company, accepted the claim as being compensable and entered into a memorandum of agreement with Wallace. Pursuant to an award by the

Industrial Commission, dated February 4, 1970, Hartford paid Wallace compensation for total work incapacity at the weekly rate of $51 per week from December 30, 1969 through March 3, 1970. Wallace returned to his regular job on March 4, 1970 and the award was terminated, pursuant to an agreed statement of fact executed by the parties and approved by the Commission, on March 18, 1970.

Wallace again became disabled for work from the same injury on March 6, 1971, one year and three days after the date for which he was last paid compensation. Hartford resumed compensation payments to Wallace as of March 6, 1971, pursuant to a supplemental memorandum of agreement executed voluntarily by Binswanger, Hartford and Wallace on April 20, 1971, and upon which the Commission entered its award dated May 6, 1971. Wallace received compensation pursuant to this award of May 6, 1971 at the rate of $51 per week beginning March 6, 1971 and continuing through July 27, 1971.

On July 27, 1971 Wallace effected a settlement of his third-party claim for the gross sum of $20,000. Out of this amount Hartford was subrogated to and reimbursed the sum of $2,776.67, representing the amount it had paid Wallace. The third-party recovery netted Wallace $9,122.67.

On September 1, 1971 Binswanger and Hartford filed an application with the Commission for a hearing based upon a change of condition and alleging that Wallace (1) had made one full recovery as defined by law; (2) could return to his regular work at his full former rate of pay; and (3) the award of the Commission made May 6, 1971 directing the payment of compensation beginning March 6, 1971 was entered without authority.

A deputy commissioner found that the Commission's May 6, 1971 award was void *ab initio*, and it was ordered vacated and set aside. This action was reversed on appeal to the full Commission and an award was entered on behalf of Wallace against Binswanger and Hartford providing for payment to Wallace of weekly compensation beginning March 6, 1971 and continuing pursuant to law. Binswanger and Hartford are here on appeal.

The Commission found Wallace to have been incapacitated for work since March 5, 1971. The maximum recovery in this case by Wallace under the workmen's compensation law is $20,400 plus expenses for necessary medical attention for three years from the accident date. Code § 65.1-54. His net third-party settlement was

$9,122.67, and he has received in compensation benefits a total of $2,776.67, including medical expenses. He therefore has not effected one full recovery as defined by law.

The dispositive issue raised by Binswanger and Hartford is based upon the time limitation provided in Code § 65.1-99 as follows:

> "Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid but no such review shall be made after twelve months from the last day for which compensation was paid, pursuant to an award under this Act. . . ."

Appellants assert that under Code § 65.1-99 the expiration of more than one year without compensation in this case—from March 3, 1970 to March 6, 1971—constitutes a jurisdictional bar to the validity of the award of May 6, 1971. Jurisdiction cannot be waived, they say, by the voluntary execution of the supplementary agreement by the carrier.

There is no evidence of fraud, mutual mistake of fact, overreaching, or imposition by any of the parties involved. The fact and extent of the accidental injury sustained by Wallace have never been questioned. The pendency of the third-party action was known to Binswanger and Hartford. To what degree, if any, this pending action may have influenced their execution of the supplemental agreement is not reflected. Neither does the record reflect to what extent, if any, the existence of the supplemental agreement may have influenced Wallace in agreeing to a compromise settlement of his third-party claim for $20,000. There is nothing to show that the supplemental agreement was not freely and voluntarily executed by all parties with full and complete knowledge of all facts. Binswanger and Hartford could have asserted the 12-month limitation provided by Code § 65.1-99. They elected not to do so and thereby knowingly waived the statutory limitation. *Coleman* v. *Nationwide Life Ins. Co.*, 211 Va. 579, 179 S. E. 2d 466 (1971); *Creteau* v. *Phoenix Assurance Co.*, 202 Va. 641, 119 S. E. 2d 336 (1961); *Smith* v. *Bell*, 129 W. Va. 749, 41 S. E. 2d 695 (1947).

It is well settled that a claimant under the workmen's compensation law must show that his original claim was timely filed, for such filing within the statutory period is jurisdictional. *Coal Company* v. *Pannell*, 203 Va. 49, 122 S. E. 2d 666 (1961). "The right to compensation under the workmen's compensation law is granted by statute, and in giving the right the legislature has full power to prescribe the time and manner of its exercise." *Winston* v. *City of Richmond*, 196 Va. 403, 407, 83 S. E. 2d 728, 731 (1954). The language of § 65.1-87, relating to the filing of an original claim, is clear.[1] It deals with the right to compensation under the Workmen's Compensation Act, and the same statute which gives the right provides that the right shall be forever barred unless exercised within a year.

There is logic in treating the limitation prescribed in Code § 65.1-87 as jurisdictional and the limitation provided in § 65.1-99 as not jurisdictional.

" '[A] change in condition is quite different from the right to recover for the injury itself. . . . It is impossible to have a change in condition without a prior award. A change in condition is based upon an award in a compensable case. Its object is purely remedial, as it enlarges or diminishes the former award to meet the circumstances of a particular case.' " *Allen* v. *Mottley Construction Co.*, 160 Va. 875, 886, 170 S. E. 412, 416 (1933).

The basic nature of the notice required by Code § 65.1-87 and the necessity for an applicable jurisdictional limitation are apparent. Such notice is often the first knowledge that an employer and his insurance carrier have of an accident and of their potential liability. It is this notice that sets in motion the machinery to determine whether or not an employee has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether permanent or temporary, and whether compensable or not. This is the notice which activates the right of the employee to compensation and which invokes the jurisdiction of the Industrial Commission.

It is also clear that "[t]he legislature intended [by the enactment of the predecessor of Code § 65.1-99] to place a limit within which

---

[1] "The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident, and, if death results from the accident, unless a claim therefor be filed with the Commission within one year thereafter. (Code 1950, § 65-84; 1968, c. 660.)"

a change of physical condition must be asserted in order to eliminate the indefiniteness and uncertainty involved in this class of cases." *Allen* v. *Mottley Construction Co., supra*, at 890, 170 S. E. at 418. The reason for this limitation is not as compelling as the reason for a limitation within which an original claim must be filed.

Counsel has not cited, and we have found no case in which this court has held that the 12-month limitation period in § 65.1-99 was a mandatory jurisdictional requirement. In *Sledge* v. *Price*, 211 Va. 724, 180 S. E. 2d 674 (1971) we had occasion to consider Code § 65.1-99, and that case would have provided an excellent vehicle for such a decision had we been so persuaded. There the claimant, who had been paid compensation under an award of the Industrial Commission, filed his application for a review some 20 months from the last date for which he was paid compensation. The insurer attempted to invoke the 12-month limitation provision of the statute. The Commission held that the insurer was estopped from pleading the statute because of its failure to file certain medical reports. We reviewed the facts of the case and concluded that the insurer's failure to file the medical reports could not have been the cause of the employee's failure to make application for review within the prescribed time. We held that since there was nothing before the Commission upon which to base an estoppel against the employer and his carrier, the 12-month limitation period of Code § 65.1-99 was applicable to the case and barred recovery by the employee.

We impliedly recognized in *Sledge* that the 12-month limitation of Code § 65.1-99 is in fact a limitation only and not a mandatory requirement as a prerequisite to jurisdiction. Having so concluded we recognized that its provisions could be waived, or that a party could be estopped by his actions and conduct from availing himself of its provisions. We did not hold that the defense of estoppel was not available, rather that the facts failed to establish such a defense.

Counsel for the parties discuss *American Mutual, Etc.* v. *Hamilton*, 145 Va. 391, 135 S. E. 21 (1926), and the principle of equitable estoppel applied there. We are not concerned with estoppel in the instant case. Our holding is that the 12-month limitation provided in § 65.1-99 is not jurisdictional. It is only a time limitation and as such can be waived. The voluntary execution of the supplemental memorandum of agreement by the parties, and the voluntary payment of compensation thereunder, constituted such a waiver.

Counsel for the parties are in agreement that Wallace is entitled to one full recovery only and that Binswanger and Hartford are entitled to the benefit of the third-party recovery made by Wallace. Appellee concedes that appellants should not have to make any workmen's compensation payments for either medical expenses or time lost from work due to disability until such time as his net third-party recovery has been consumed. The period within which the maximum workmen's compensation benefits should be available to appellee will be extended accordingly.

The parties further agree that the correct compensation rate for Wallace is $51 a week rather than the $52 a week provided in the final order and award of the Commission.

For the reasons stated the cause will be remanded to the Industrial Commission of Virginia for such modification of its award as may be necessary and proper under the circumstances and not inconsistent with the provisions of this opinion.

*Affirmed in part; modified in part; and remanded.*