## CIRCUIT COURT OF LOUDOUN COUNTY

Workman

v.

Belva Light

July 24, 1989

Case No. (Law) 10516

By JUDGE THOMAS D. HORNE

Counsel for Plaintiff has asserted that under Section 65.1-106 of the Virginia Worker's Compensation Act, he is not precluded by the two year statute of limitations from bringing the present action.

Section 65.1-106 states in relevant part:

> If such employer refuses and neglects to comply with the provisions of § 65.1-105 (requiring him to notify the Industrial Commission and employees if his Workman's Compensation Insurance is cancelled), he shall be punished by a fine of not less than fifty dollars nor more than one thousand dollars, and he shall be liable during continuance of such refusal or neglect to any employee either for compensation under this act or at law . . .

Counsel for Plaintiff contends that under this provision the employer remains liable for injury to the employee for as long as the employer is without insurance, regardless of when the accident occurred.

Section 65.1-87, Code of Virginia 1950, as amended, provides:

176

> The right to compensation under this act shall
> be forever barred, unless a claim be filed with
> the Industrial Commission within two years after
> the accident.

There is no indication that Plaintiff has filed a claim with the Industrial Commission within the prescribed two-year period; and thus, the statute is clear that his claim is forever barred. In *Binswanger Glass Co. v. Wallace*, 214 Va. 70, 197, S.E.2d 191 (1973), the Court noted that the language of the statute was clear and the statute, while allowing for the filing of claims, also provides that the right is forever barred unless filed within two years. *Supra, Binswanger*, p. 73. Moreover, the Court noted that it is "[t]his notice which actuates the right of the employee to compensation and which invokes the jurisdiction of the Industrial Commission." *Id*. The Courts have reiterated this position in several opinions, including *Barksdale v. H. O. Engen, Inc.*, 218 Va. 496, 237, S.E.2d 794 (1977) and *Shawley v. Shea-Ball Construction Co.*, 216 Va. 442, 219 S.E.2d 849 (1975).

In *Barksdale*, the Court found that the Workman's Compensation statute created a statutory right of action for an employee for a work-related injury and Section 65.1-87, Code of Virginia, 1950, as amended, imposes a special limitation on this right. The Court further stated:

> The special limitation is part of the right
> as well as the remedy, an integral part of the
> statute, and a condition precedent to maintenance
> of the claim. *Supra, Barksdale* at page 496,
> 498.

Thus it is apparent that in the instant case, the "condition precedent" (i.e. filing within the two-year period) has not been met and the claim is consequently barred.

Likewise, in *Shawley v. Shea-Ball Construction Co.*, the Court noted that while the Workman's Compensation Act provided employees with the right to compensation for work-related injury, the right is forever barred unless exercised within the prescribed time period. *Supra, Shawley* at page 442, 445.

The Courts have been quite clear in their application of a two-year limitation on the filing of a Worker's Compensation Claim. The right to compensation is subject to the condition that the claim be filed within a two-year time period. Thus, since Plaintiff has failed to meet this requirement, his claim under this statute is barred.

The language in § 65.1-106, Code of Virginia, 1950, as amended, which holds an employer liable to his employees for the time in which he is uninsured should not be stretched to cover the present situation. As noted by the Court in *Binswanger*, the filing of notice with the Industrial Commission is usually the first knowledge an employer receives of the accident and his potential liability. 214 Va. 70, 73.

This time limit appears to be necessary in order to eliminate claims for injuries which are not brought in a timely manner.

If Plaintiff were allowed to proceed under the assumption that § 65.1-106 of the Code affords him the ability to pursue his claim for as long as his employer remains uninsured, then potential Plaintiff who were injured, five, ten, or fifty years in the past would not be precluded from filing a claim against a past employer, so long as the employer did not carry insurance at the time of the injury and has failed to do so since that time. Clearly, that could not have been the intention of the legislature. Section 65.1-106 of the Code was designed to prescribe sanctions (in the form of a fine) against the employer and to make certain defenses unavailable to him, including:

1. negligence of employee
2. negligence of another employee
3. assumption of the risk by the employer

The statute was not designed as an open door allowing for untimely claims and actions. Thus, Plaintiff's contention the § 65.1-106 of the Code entitles him to file two actions after the expiration of the two-year limitation is in error.

If Plaintiff seeks to bring this action at law rather than pursuant to the Workman's Compensation Act, his claim still will not lie for the reasons listed above and which follow.

Section 8.01-243, Code of Virginia, 1950, as amended, sets forth the statute of limitations for personal injury claims. The statute states:

> [E]very action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of the action accrues.

In *Locke v. Johns-Manville Corp.*, 221 Va. 951 (1981), the Court sought to determine when the Plaintiff, who had inhaled asbestos dust, had been injured and thus when the two-year period began to run. The Court noted that "injury" referred to a "positive physical or mental hurt" and found that the running of the statute is tied to the date of harm to the individual and not the date of the Defendant's wrongful act. *Locke*, 951, 957.

In the instant case, Plaintiff suffered a "positive physical hurt" on September 8, 1986, thus the statute begins to run as of that date. His cause of action did not arise out of, nor is it tied to Defendant's alleged failure to carry Workmen's Compensation Insurance, and thus his action is time barred. Plaintiff's contention that § 65.1-106 of the Code entitles him to bring this action is in error, and for the reasons set forth, it should be considered time barred.

Mr. Jennings may prepare an order sustaining the plea of the statute of limitations as to the Defendant Belva Light, to which Mr. Kilcarr may note his exception.