COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MARIA A. WOOLDRIDGE

v.    Record No. 0811-95-4                    MEMORANDUM OPINION[*]
                                                   PER CURIAM
MONTGOMERY WARD & CO., INC.                   SEPTEMBER 26, 1995
AND
AETNA CASUALTY & SURETY CO.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Walter B. Golden, III, on brief), for appellant.

                (Roger S. Mackey, on brief), for appellees.


        Maria A. Wooldridge ("claimant") contends that the Workers'

Compensation Commission erred in finding that (1) her August 18,

1993 application alleging a change in condition was time-barred

pursuant to Code § 65.2-708; and (2) the doctrine of "imposition"

did not apply to her claim for temporary total disability

benefits commencing January 2, 1993.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.[1]

        On appeal, we view the evidence in the light most favorable

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]We do not consider the medical records included by claimant
in the appendix at pages 577 through 624.  These records were not
part of the record before the commission.  Therefore, we will not
consider them for the first time on appeal.  Accordingly,
claimant's motion to include these medical records with the
record is denied.

to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In denying claimant's application alleging a change in condition beginning January 2, 1993, the commission found the following:

> We find no merit to either of claimant's arguments.  Section 65.2-708 is not a statute of limitations in the ordinary sense.  See Binswanger Glass Company v. Wallace, 214 Va. 70, 197 S.E.2d 191, § 1973 [sic].  Rather the Section provides that a change in condition entitling the claimant to additional disability benefits must occur within two years from the last day for which compensation was paid pursuant to an award.  Here, the claimant was awarded benefits through August 21, 1989.  Her additional disability did not occur within two years from that date and the Deputy Commissioner properly determined that she was without authority to award additional benefits.  There was no evidence of any fraud, concealment or imposition that would bar the employer from asserting this defense.

I.

Code § 65.2-708 clearly and unequivocally provides that "no such review [of an award on the ground of change in condition] shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title."  This section required that claimant's application alleging a change in condition be filed within twenty-four months of August 29, 1989, the last day for which compensation was paid.  The medical records support the commission's finding that claimant's additional disability did not occur within two years of August 29, 1989.  Accordingly, the commission did not err in

2

finding that Code § 65.2-708 barred claimant from receiving an

award of temporary total disability benefits commencing January
2, 1993.

## II.

"'Imposition' . . . empowers the commission in appropriate
cases to render decisions based on justice shown by the total
circumstances even though no fraud, mistake or concealment has
been shown." Avon Products, Inc. v. Ross, 14 Va. App. 1, 7, 415
S.E.2d 225, 228 (1992).  Claimant does not contend that there was
evidence of fraud or concealment by employer.  Furthermore, there
was no evidence that employer's action or inaction caused the
two-year period to expire before claimant filed her application
alleging a change in condition commencing January 2, 1993.  Thus,
the commission did not err in ruling that the doctrine of
imposition did not preclude employer from relying upon Code
§ 65.2-708.

For these reasons, we affirm the commission's decision.

Affirmed.

3