COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


MASSEY BUILDERS SUPPLY CORPORATION,
 WOOD PRODUCTS OF VIRGINIA GROUP
 SELF-INSURANCE ASSOCIATION AND
 TRIGON ADMINISTRATORS
                                              OPINION BY
v.    Record No. 0234-01-2           JUDGE LARRY G. ELDER
                                          OCTOBER 9, 2001
WAVERLY GERALD COLGAN


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Patricia C. Arrighi (Taylor & Walker, P.C.,
          on brief), for appellants.

          Laura Ann McDonald (McDonald Dyer, on brief),
          for appellee.


     Massey Builders Supply Corporation, Wood Products of

Virginia Group Self-Insurance Association and Trigon

Administrators (employer) appeal from a decision of the Workers'

Compensation Commission awarding benefits to Waverly Gerald

Colgan (claimant). On appeal, employer contends the commission

erroneously determined that claimant filed a timely claim for

benefits before expiration of the statute of limitations. We

hold the documents claimant filed contained sufficient

information to constitute a claim, and we affirm the

commission's decision.

                                    I.

                              BACKGROUND

     On October 28, 1997, while working for employer as an

outside salesman of building products, claimant sustained an

injury to his left knee.  Employer accepted the claim as

compensable and provided claimant with all necessary medical

treatment, which included multiple surgeries.  Although claimant

was unable to work for various periods following his injury, it

was employer's policy to pay an employee's salary even during

periods of disability.

     Employer filed a First Report of Injury with the commission

on January 16, 1998.  The commission created a file for that

injury and assigned it V.W.C. File No. 188-97-98.  Claimant

subsequently received the commission's standard notification

letter, dated January 21, 1998, an informational booklet, and a

claim for benefits form.  On January 29, 1998, claimant mailed

the completed form to the commission.  He made a note of the

date of mailing on the notification letter, which he kept for

his records.  The commission had no record of having received

that claim.

     In September 1999, claimant recalled that "something" had

to be filed with the commission within two years of his

accident.  He consulted Betty Bradshaw, the employee who handled

employer's workers' compensation matters, and asked her for "a

copy of anything from . . . the insurance company[] with the

                                    -

claim number and so forth on it, that I could forward to the

Commission."  Bradshaw resisted claimant's request, informing

him that she had consulted with the carrier and "that everything

had been done and I didn't need to do anything."  Within a few

days, however, Bradshaw provided claimant with a copy of a

mostly complete First Report[1] for the injury and a letter that

showed the carrier's claim number.  Claimant then wrote a brief

note, which he forwarded to the commission with the documents he

received from Bradshaw, in order "to make absolutely sure that

my rights were being protected."  That note, dated "10/6/99" and

addressed "TO WHOM IT MAY CONCERN," read as follows:

> Please be advised that my injury is
> still being treated.  I have at least (2)
> more surgeries scheduled to correct a[n] RSD
> problem.  The first is scheduled for 10/28
> by Dr. Mike Decker.

The letter was signed, but the signature was illegible.

However, accompanying the letter was a copy of employer's First

Report, which listed claimant's name and address, employer's

name and address, and the date and time of claimant's injury,

and described how and where the injury occurred.  Both documents

were stamped as received by the commission on October 26, 1999.

Claimant's letter and accompanying documents were received

by the commission's mail room, as reflected by the "charge code

---

[1] The First Report was unsigned and lacked a required
"reason code" number usually inserted by the employer or
carrier.

-

number 99," and forwarded to the commission's First Report Unit. Someone in that unit had a duty to check the commission's records to determine whether claimant's injury had previously been reported and a commission number assigned. Although a claim number had already been assigned to that injury, the First Report Unit either failed to check for that number or erroneously determined that the injury had not previously been reported. As a result, the letter and attachments were forwarded to Casey Barnett, an employee of the First Report Unit. Barnett treated the documents as an incomplete first report and returned them to the carrier for proper completion and resubmission. Because the First Report listed no dates of incapacity and indicated no lost time from work, Barnett assumed the report was for a minor injury and recorded it as such in the commission's computer records. In accordance with the commission's usual procedure under such circumstances, Barnett did not create a file and did not retain the original or a copy of the submission.

Sandy Close, the adjuster for the insurer who was handling claimant's case in the fall of 1999, received claimant's original note and attachment upon their return from the commission. Prior to October 28, 1999, the insurer had paid claimant's medical benefits but was unaware that any wage loss had occurred and had not paid any wage loss benefits. After that date, Close contacted the commission and was told that no

-

claim had been filed or award entered. On November 12, 1999, claimant contacted Close to inquire why medical benefits for his knee injury were being denied, and she informed him that the statute of limitations for filing a claim had expired. Claimant learned for the first time that his "claim . . . hadn't been filed properly" and that the commission had sent the original documents to Close.

Claimant then retained counsel and filed an application for hearing, alleging that his October 26, 1999 submission constituted the timely filing of a claim or, in the alternative, that the doctrine of imposition applied. He sought an award of temporary total disability benefits, for record purposes only, for various dates from 1997 to 1999 for which he had received his regular salary. He also sought an award of temporary partial disability benefits for various dates in 1999 and payment of medical benefits.

The deputy commissioner determined claimant's October 6, 1999 submission, received by the commission on October 26, 1999, was sufficient to constitute an original claim for benefits which was timely filed. The deputy commissioner also entered an award for medical benefits and disability compensation for various periods of temporary partial and temporary total disability.

Employer appealed only the statute of limitations issue, and the commission affirmed. It noted that the unrepresented

-

claimant had submitted, prior to expiration of the statute of limitations, documents which, taken in conjunction, identified him, the employer and insurer; detailed the accident date and the injuries he sustained; and indicated that he continued to seek medical treatment and required at least two additional surgeries. The commission held his submission made clear his intention to protect his right to further benefits. Noting that the employer and insurer were "well aware of the claimant's accident, and of his ongoing medical difficulties," the commission concluded that the documents were sufficient to invoke the jurisdiction of the commission because they "'fairly apprised the commission that a claim was being made,'" despite the fact that their purpose was misconstrued by the commission employees who originally processed them and returned them to the insurer.

## II.

## ANALYSIS

The Workers' Compensation Act (Act) provides that "[t]he right to [workers'] compensation [benefits] under [Title 65.2] shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Code § 65.2-601. The timely filing of an original claim is jurisdictional, and a claimant bears the burden of proving his claim was timely filed. E.g., Binswanger Glass Co. v. Wallace, 214 Va. 70, 73, 197 S.E.2d 191, 193 (1973). Filing with the

-

employer or anyone else is insufficient; the claim must be filed with the commission in order to be considered timely.  See Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 938, 434 S.E.2d 353, 355 (1993).

> The basic nature of the notice required by [the Workers' Compensation Act] and the necessity for an applicable jurisdictional limitation are apparent.  Such notice is often the first knowledge that an employer and his insurance carrier have of an accident and of their potential liability.  It is this notice that sets in motion the machinery to determine whether or not an employee has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether permanent or temporary, and whether compensable or not.  This is the notice which activates the right of the employee to compensation and which invokes the jurisdiction of the . . . Commission.

Binswanger, 214 Va. at 73, 197 S.E.2d at 194.

Despite requiring the timely filing of a "claim," the Act "does not give a definition of 'claim.'"  Garcia v. Mantech Int'l Corp., 2 Va. App. 749, 752, 347 S.E.2d 548, 550 (1986).  As the record in this case reveals, the commission disseminates a standardized claim form on which an injured employee may report an industrial injury, but neither the Act nor the commission's rules require that a claim must be filed on that or any other form.  See Code §§ 65.2-600, 65.2-601.  Commission Rule 1.1 provides as a guide that:

> An original claim for benefits shall be in writing, signed and should set forth:
> 1.  Employee's name and address;

-

         2.   Employer's name and address;
         3.   Date of accident . . . ;
         4.   Nature of injury . . . ;
         5.   Benefits sought: temporary total,
         temporary partial, permanent total,
         permanent partial or medical benefits; [and]
         6.   Periods of disability, if appropriate.

(Emphasis added).  "[T]he word 'shall[]' is primarily

mandatory," whereas "[t]he word 'should' ordinarily . . .

implies no more than expediency . . . [and is] directory only."

Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78, 367 S.E.2d

204, 206 (1988) (in evaluating adequacy of request for review

filed pursuant to former Commission Rule 2(A), holding that use

of word "should" in rule does not prevent commission from

obtaining jurisdiction over issues not raised therein).  Thus,

Commission Rule 1.1, standing alone, does not automatically

exclude from consideration a claim which omits one or more of

the items of information which the rule says a claim "should set

forth."

     As we previously noted in affirming the decision of the

commission to accept as a claim a letter from a claimant's

lawyer to the commission, "[t]he [commission] is not bound by

technical rules of pleading or practice."  Trammel Crow Co. v.

Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 634 (1991).  A

letter is sufficient to constitute a claim if it "identif[ies]

the employer, the date of the accident, the location of the

accident, and the injuries suffered" and "'fairly apprise[s] the

commission that a claim [is] being made'" on behalf of the

                            -

employee. Cheski, 16 Va. App. at 938, 434 S.E.2d at 355 (quoting Redmond, 12 Va. App. at 614, 405 S.E.2d at 634) (emphasis added); see also Chalkley v. Nolde Bros. Inc., 186 Va. 900, 912, 45 S.E.2d 297, 302 (1947) (construing as timely filed claim a letter from counsel representing employer which requested determination of employer's rights and asked that injured boy, argued to be an employee by third-party tortfeasor in related civil suit, and workers' compensation carrier be made parties to the proceedings).

Further, as we held implicitly in Cheski, these requisites need not be contained in the same document, as long as the documents, when construed together, satisfy the requirements set out in Redmond. Cheski, 16 Va. App. at 938-39, 434 S.E.2d at 354-55 (rejecting argument that "[t]he two letters" from employer's agent which employee sent to commission constituted a claim because "they" did not identify the location of the accident or the injuries suffered and did not fairly apprise the commission that a claim on behalf of the employee was being made). Finally, a claimant need not request a hearing or determination of rights in order for his filing to be considered a claim. See Redmond, 12 Va. App. at 613-14, 405 S.E.2d at 634.

Here, claimant simultaneously submitted to the commission a signed, handwritten note and a mostly complete copy of the First Report, previously filed with the commission by employer. Under the above principles, we hold the evidence supports the

-

commission's determination that these documents, viewed together, contained sufficient information to constitute a claim.[2]  Although the signature on claimant's handwritten note was illegible, the note indicated in legible print that "my injury is still being treated," and the accompanying First Report clearly identified a left knee injury sustained by claimant at 1:00 p.m. on October 28, 1997 while working for Massey Builders Supply Corp.  The First Report provided addresses for both claimant and employer.  The First Report also indicated the injury occurred when claimant slipped and twisted his left knee while "walking down ramp on construction site" in Chesterfield County.  Finally, the handwritten note indicated claimant's need, at a minimum, for ongoing medical benefits to cover two additional surgeries, one of which was scheduled for later that same month, to correct an "RSD problem."  Thus, claimant's submissions met the minimum requirements of Redmond and Cheski because, construed together, they "identif[ied] the employer, the date of the accident, the location of the accident, and the injuries suffered," and "fairly apprise[d] the commission that a claim [for benefits was] being made."  Thus, had the claim been properly handled by the commission, its

---

[2] Because these documents were submitted simultaneously by the claimant, we need not consider whether or under what circumstances separately filed documents or letters which attempt merely to incorporate by reference previously filed documents would satisfy the Act's filing requirements.

-

filing would have triggered official notice to employer, as contemplated by the Court in <u>Binswanger</u> when it noted that such filing "is often the first knowledge that an employer and his insurance carrier have of an accident and their potential liability."[3]  214 Va. at 73, 197 S.E.2d at 194.

That claimant did not personally prepare the First Report, a copy of which employer previously had filed with the commission, or refer to the report in his accompanying note is not dispositive; as the claimant asserts, it was the <u>content</u> of the document, not its status as a First Report, that was relevant to the statute of limitations issue.  Further, as the commission appropriately found, the fact that commission employees erroneously concluded claimant's injury had not previously been reported, which caused it to view the documents as an incomplete First Report submitted by the employer rather than as an original claim for benefits from the employee, was not controlling.  Undisputed evidence established that claimant's submissions, though improperly interpreted, were received by the commission prior to expiration of the statute of limitations and met the minimum requirements for an original claim for benefits.

---

[3] Although we note, as the commission did, that lack of prejudice to employer is not a defense to an employee's failure to file a timely claim, the evidence here indicates that employer was "well aware" of claimant's accident and ongoing medical problems and accepted the resulting injuries as compensable until the statute of limitations expired.

-

For these reasons, we hold the commission properly interpreted claimant's submissions as a timely claim for benefits, and we affirm the award.

<u>Affirmed.</u>