COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Haley and Beales
Argued at Alexandria, Virginia


MASONITE HOLDINGS, INC. AND
  SAFETY NATIONAL CASUALTY COMPANY

                                                                    OPINION BY
v.        Record No. 0229-08-4                        JUDGE ROBERT J. HUMPHREYS
                                                                    NOVEMBER 25, 2008
CONNIE LEE CUBBAGE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         Brian A. Richardson (Scott C. Ford; Jessica L. Hacker; McCandlish
         Holton, PLLC, on briefs), for appellants.

         Michael William Helm (George Warren Shanks; Miller, Earle &
         Shanks, PLLC, on brief), for appellee.


         Masonite Holdings, Inc. and Safety National Casualty Company appeal a judgment of the

Workers' Compensation Commission ("the commission") awarding continuing disability

benefits to Connie Lee Cubbage ("Cubbage"). Appellants argue that the commission erred:

(1) in failing to find that Cubbage's claim was barred by the applicable statute of limitations,

(2) in finding that Cubbage suffered a compensable new injury, (3) in affirming the deputy

commissioner's finding that Cubbage suffered a compensable change in condition, and (4) in

finding that the need for ongoing medical care and disability were related to Cubbage's work

accident. For the following reasons, we affirm the decision of the commission.

## I. Background

         "On appeal, we view the evidence in the light most favorable to the prevailing party

before the commission." Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42

Va. App. 264, 269, 590 S.E.2d 631, 634 (2004). So viewed, the evidence was as follows.

On January 19, 2004, while working as a truck driver for Masonite Holdings, Cubbage slipped and fell on ice during a delivery in New Jersey. When he returned home to Virginia, Cubbage sought medical attention from his primary care physician for certain ailments which arose from his fall, including back pain. When his symptoms did not improve, Cubbage was referred to Dr. James Chadduck ("Dr. Chadduck"), a neurosurgeon who had performed a cervical fusion on Cubbage in 1999.[1]

During his examination of Cubbage on February 18, 2004, Dr. Chadduck noted the following complaints: neck and shoulder pain, numbness on the left side of his face and top of his head, and lower back pain. Dr. Chadduck ordered MRI scans of Cubbage's cervical spine and lower back, as well as a CT scan of his head. After viewing the test results, Dr. Chadduck diagnosed Cubbage with cervical spondylosis and lumbosacral spondylosis.[2]

On May 18, 2004, Cubbage filed an initial claim for benefits. In his claim, Cubbage requested total temporary disability benefits from January 20 through February 6, 2004, stating that he sustained injuries to his neck and back as the result of the fall. Masonite Holdings' insurance carrier prepared a memorandum of agreement awarding Cubbage medical benefits. However, the only injuries listed in the memorandum were a scalp laceration and a cervical strain. The memorandum did not list any injury to Cubbage's back. Acting *pro se* at the time, Cubbage signed the agreement. On June 29, 2004, the commission entered an award in favor of Cubbage, pursuant to the memorandum of agreement.

---

[1] Cubbage had fully recovered from the cervical fusion by January 2004.

[2] Put simply, spondylosis is a degenerative spinal condition, similar to arthritis, affecting an area of the spine. "Cervical spondylosis" refers to the neck, while "lumbosacral spondylosis" refers to the lower back.

Cubbage returned to work on February 6, 2004. However, Cubbage's back pain continued to worsen over the next several months, and, on December 5, 2005, he returned to Dr. Chadduck. Dr. Chadduck diagnosed Cubbage with, among other things, two lower back injuries: "Thoracic or Lubosacral Neuritis or Radiculitis" and Lubosacral Spondylosis. Dr. Chadduck ordered Cubbage to take two months off work and to begin physical therapy in order to lessen the pain in his back.[3]

At that point, Cubbage obtained counsel. On December 12, 2005, through counsel, Cubbage wrote letters to both the commission and the appellants.[4] In his letter to the appellants, Cubbage advised them of his change in status, requesting the commencement of temporary total disability benefits. He also asked the appellants to process the necessary forms to confirm his change in status. In his letter to the commission, Cubbage enclosed copies of various medical records, asking the commission to "receive all of these as additional Claimant's Exhibits and place them in the package of medical records and reports previously submitted." Cubbage specifically included a copy of Dr. Chadduck's December 5, 2005 report in the materials sent to the commission. In the final sentence of the letter, Cubbage requested that appellants "confirm payment of Temporary Total Disability benefits to the Claimant effective December 6, 2005."

Neither Masonite nor the commission responded to Cubbage's December letter. Cubbage wrote to the commission again on January 17, 2006, requesting that the matter be placed on its expedited docket as a motion for a change in condition. A senior claims examiner for the commission responded on January 27, 2006 and stated that the commission had not recognized

_____

[3] Two months later, Dr. Chadduck renewed Cubbage's no work status until at least May 29, 2006. At the time of the hearing before the deputy commissioner, Cubbage had yet to return to work.

[4] A copy of the letter to appellants was sent to the commission, and a copy of the letter to the commission was sent to appellants.

Cubbage's December 12 letter as a claim. However, the examiner explained, "[n]ow that we know that your letter should have been construed as a claim we will properly address this issue with the insurance company."

On September 18, 2006, a hearing before the deputy commissioner was held. In addition to the uncertainty as to whether the December 12 letter constituted a claim for benefits, there was considerable uncertainty as to whether Cubbage's claim was for a new injury, or a change in condition relating to his previously compensated injuries. Appellants argued that Cubbage's back pain was not compensable as a new injury because it was barred by the two-year statute of limitations.[5]

The deputy commissioner found that Cubbage's December 12 letter was sufficient to constitute a claim for benefits. The deputy commissioner also found that, because Cubbage filed the claim prior to January 19, 2006, the claim was not barred by the statute of limitations. Reviewing the merits of the claim, the deputy commissioner found that Cubbage's current lower back injury was causally related to the original workplace injury. As a result, he awarded Cubbage temporary total disability benefits beginning December 5, 2005, and continuing. Appellants filed a request for review before the full commission.

A majority of the commission affirmed the findings of the deputy commissioner.[6] In its opinion, the commission made the following factual findings:

> After review of the evidence, we find that the claimant and his counsel adequately and timely notified the insurer that he sustained a low back injury in the January 19, 2004, fall and that on

---

[5] The appellants did not dispute the fact that the commission received Cubbage's December and January letters prior to the running of the statute of limitations.

[6] Commissioner Tarr dissented, opining that the documents that Cubbage filed within the two-year statute of limitations were not sufficiently specific with regard to a lower back injury to constitute a properly filed claim for that injury based upon the fact that the original claim form Cubbage filed was superseded by the memorandum of agreement, which did not mention a lower back injury.

- 4 -

December 5, 2005, the treating physician, Dr. Chadduck, took him out of work so he could undergo therapy for his back injury. We agree that the low back injury was not a "progression, deterioration, or aggravation of a previously compensated injury," and that it was a new injury. However, we find that the insurer was on notice of the claimant's new injury, as well as a potential change in condition. A Claim for Benefits was filed on May 18, 2004, alleging a back injury, and the back injury was listed on the MOA, but the claim for that injury was not addressed. Upon testimony and review of the medical evidence, *the Deputy Commissioner found that it was a new injury, rather than a change in condition, but that it was timely filed as well. We agree* and find that the insurer cannot rely solely on the January 17, 2006, letter from claimant's counsel, when the majority of the evidence is sufficient to place the insurer on notice of a claim for a new low back injury that occurred on January 19, 2004.

(Emphasis added).

Appellants then appealed to this Court.

## II. Analysis

Initially, we note that "we are guided by the principle that the Workers' Compensation Act 'is highly remedial.'" Corporate Res. Mgmt. v. Southers, 51 Va. App. 118, 126, 655 S.E.2d 34, 38 (2008) (*en banc*) (quoting Henderson v. Cent. Tel. Co., 223 Va. 377, 382, 355 S.E.2d 596, 599 (1987)). Thus, the Workers' Compensation Act should be "'liberally construed to advance its purpose of compensating employees for accidental injuries resulting from the hazards of the employment[.]'" Id. (quoting Henderson, 233 Va. at 382, 355 S.E.2d at 599). And, while we conduct a *de novo* review of legal issues on matters arising from the commission, "we give great weight to the commission's construction of the [Workers' Compensation] Act, and we defer to the commission's factual findings if supported by credible evidence in the record." Bay Concrete Constr. Co. v. Davis, 43 Va. App. 528, 538-39, 600 S.E.2d 144, 150 (2004).

Appellants essentially present two litigable questions on appeal.[7] First, appellants argue that the commission erred "in affirming the Deputy Commissioner's finding that the claimant suffered a compensable change in condition." This question is easily dealt with and requires no analysis because the commission never found that Cubbage suffered a compensable change in condition. In its opinion, the commission clearly stated, "the Deputy Commissioner found that [Cubbage's claim was for] a new injury, rather than a change in condition . . . . We agree." We will not reverse the commission for a decision that it never made.[8]

Second, appellants argue that the commission erred in finding that Cubbage filed a valid and timely claim for his lower back injury. We agree with the commission and hold that he did.

"Whether the information filed with the commission is sufficient to constitute a timely filed claim for a particular injury is a question of fact, and the commission's finding will not be disturbed on appeal if supported by credible evidence." Southers, 51 Va. App. at 127, 655 S.E.2d at 38.

> The basic nature of the notice required by [the Act] and the
> necessity for an applicable jurisdictional limitation are apparent.

---

[7] Appellants actually presented four questions. However, they have waived their right to our review of two of the questions. In their questions presented, appellants ask whether the commission erred " in finding that the claimant suffered a compensable new injury," and whether the commission erred "in finding that the need for ongoing medical care and disability were related to the claimant's work accident." However, appellants' brief does not include any argument or discussion on these questions. "Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' The failure to do so is a significant violation of our Rules because unsupported assertions of error 'do not merit appellate consideration.'" Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)). As such, we consider appellants to have waived our consideration of those questions. See Jay v. Commonwealth, 275 Va. 510, 659 S.E.2d 311 (2008).

[8] In the body of their brief, appellants go even further, arguing that the commission erred "in finding that claimant's change-in-condition application was timely." Again, appellants seem to have overlooked the fact that the commission held that Cubbage's claim was for a new injury rather than a claim for a change in condition.

- 6 -

> Such notice is often the first knowledge that an employer and his insurance carrier have of an accident and of their potential liability. It is this notice that sets in motion the machinery to determine whether or not an employee has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether permanent or temporary, and whether compensable or not. This is the notice which activates the right of the employee to compensation and which invokes the jurisdiction of the . . . commission.

Shawley v. Shea-Ball Construction Co., 216 Va. 442, 446, 219 S.E.2d 849, 852 (1975).

While the Act requires that a claimant file a "'claim,'" it "'does not give a definition of [a] claim.'" Massey Builders Supply Corp. v. Colgan, 36 Va. App. 496, 503, 553 S.E.2d 146, 150 (2001) (quoting Garcia v. Mantech Int'l Corp., 2 Va. App. 749, 752, 347 S.E.2d 548, 550 (1986)). "'A letter is sufficient to constitute a claim if it identifies the employer, the date of the accident, the location of the accident, and the injuries suffered' and 'fairly apprises *the commission* that a claim is being made' on behalf of the employee." Id. at 504, 553 S.E.2d at 150 (quoting Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 938, 434 S.E.2d 353, 355 (1993) (emphasis in original)). Furthermore, the information the claimant must provide "need not be contained in the same document, as long as the documents, *when construed together*, satisfy the [above mentioned] requirements." Id. (emphasis added).

The record contains sufficient, credible evidence to support the commission's finding that Cubbage's December 12 letter constituted a valid claim for the injury to his lower back. With his letter, Cubbage attached Dr. Chadduck's December 5, 2005 report diagnosing his lower back injury and ordering Cubbage to stay home from work for two months. Cubbage requested, in the letter, that the report be placed with the package of medical records previously submitted. He concluded the letter by stating, "By copy of the letter to the Carrier's representative, I am asking them to confirm payment of Temporary Total Disability benefits to the Claimant effective December 6, 2005." When read together, Dr. Chadduck's December 5 report and Cubbage's

request that appellants "confirm payment of . . . benefits . . . effective December 6," constitute credible evidence that supports the commission's finding that Cubbage made a valid claim for the injury to his lower back.[9]

Having determined that the December 12, 2005 letter constituted a valid claim for a new injury, it is clear that the statute of limitations does not bar that claim. The Workers' Compensation Act provides that "the right to [workers'] compensation [benefits] . . . shall be forever barred, unless a claim be filed with the commission within two years after the accident." Colgan, 36 Va. App. at 502, 553 S.E.2d at 149 (quoting Code § 65.2-601). Cubbage's workplace accident occurred on January 19, 2004. Cubbage filed his claim on December 12, 2005, within two years of the accident. Thus, the statute of limitations does not bar his claim.[10]

In conclusion, we hold that the record contains sufficient, credible evidence to support the commission's factual finding that Cubbage filed a valid claim for benefits on December 12,

---

[9] Appellants argue that the commission was bound to consider Cubbage's claim as a claim for a change in condition rather than a new injury because Cubbage's January 17, 2006 letter requested that the commission place his claim on the docket as a change in condition. However, this argument is based on the premise that the December 12, 2005 letter was not a valid claim. The commission specifically found, and we agree, that the December 12, 2005 letter constituted a valid claim for a new injury. Thus, Cubbage's characterization of the claim in any subsequent letter is largely irrelevant.

[10] Both the appellants and dissenting Commissioner Tarr cite Southers in support of their positions. However, both cite the original panel opinion of Corporate Resource Management Inc. v. Southers, 50 Va. App. 20, 646 S.E.2d 10 (2007), which was reversed by this Court *en banc*. See Southers, 51 Va. App. 118, 655 S.E.2d 34. Regardless, the present case is easily distinguishable from Southers. In Southers, this Court found that the claimant's neck injury and shoulder injury were, in essence, the same injury. Id. at 133, 655 S.E.2d at 41. Those are not the facts here. As discussed above, this case involves a claim for a new injury that arose from the same accident, but was unrelated to any other injury sustained.

2005, and that this claim was filed within the two-year statute of limitations.  Accordingly, we affirm the commission's decision.

Affirmed.