COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Alston and Russell
Argued at Richmond, Virginia


ALBERTO GOMEZ

                                               MEMORANDUM OPINION* BY
v.        Record No. 1624-15-2                 JUDGE WILLIAM G. PETTY
                                               MARCH 29, 2016

GARCIA CONSTRUCTION COMPANY, INC. AND
  AMERICAN STATES INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Bradford E. Goodwin (Brody H. Reid; Reid Goodwin, PLC, on
            briefs), for appellant.

            John T. Cornett, Jr. (Lynch & Cornett, PC, on brief), for appellees.

       Alberto Gomez ("Gomez") appeals a decision of the Workers' Compensation

Commission finding that he failed to file a proper claim for permanent disability benefits prior to

the expiration of the statute of limitations.  On appeal, Gomez argues that two letters he filed

with the Commission constituted timely claims for permanent disability benefits.  For the

following reasons, we disagree and affirm the Commission's decision.

                                               I.

       Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.  "Under settled principles of appellate review, we consider the evidence in the light

most favorable to employer, as the prevailing party before the commission." Layne v. Crist Elec.

Contr., Inc., 64 Va. App. 342, 345, 768 S.E.2d 261, 262 (2015).

_____
       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On August 3, 2007, Gomez suffered a compensable injury by accident to both wrists. Gomez filed an original claim for benefits on November 8, 2007. Pursuant to a stipulated order entered on April 3, 2008, Gomez received medical benefits and temporary total disability benefits for the period of August 4, 2007 through February 24, 2008.

On August 31, 2010, Gomez filed a handwritten letter with the Commission:

> This is a request recommended by my doctor, I ask for you support and help to obtain an authorization prom you to proced with my left wrist fusion surgery; along with this letter I attach copys of all my doctors appointments, records or files asked before and I did not haved then, with the purpose of the resinbursement of expense and the months that I was out of work by the doctor's order. I really need your help because I hurted both of my wrists is very difficult for me and my family because I'm going trough a lot of pain, sometimes I can't move my arm and I'm loosing the power of my left wrist. I preciate all you support and help with my case, I'll be looking forward and waiting for you value help.

App. at 46 (errors in original). This letter was treated as a claim for additional medical benefits, specifically wrist fusion surgery. A twenty-day order was issued on September 28, 2010. Employer subsequently agreed to authorize the surgery.

On January 24, 2011, employer filed an Application for Hearing, alleging that Gomez had returned to light-duty work on January 20, 2011, and that he was ineligible for wage benefits because of his immigration status.

On January 25, 2011, Gomez's attorney filed a letter with the Commission stating that there was no need for a hearing because Gomez stipulated that he had been released to light-duty work on that date and was ineligible for wage benefits while on light-duty work. Also on January 25, 2011, Gomez himself sent a typed letter to the Commission:

> I am writing this letter in response the correspondence received from your office regarding a request for hearing on behalf of the employer. According to the note from the doctor attached to this letter, I was released to work with permanent restrictions on 1/20/2011. However, at my visit with the doctor on 1/20/2011 at

- 2 -

9:00 a.m. to evaluate my left hand after the fusion surgery from 10/22/2010, I was informed by Dr. Daniel Cavazos of the need for therapy. At no time during my appointment with him did he inform me that I would be returning to work with or without restrictions. I had another appointment with Dr. Cavazon on 1/27/2011 and he has again restricted me from work and ordered physical therapy to begin on 2/4/2011. Until receiving this letter from the commission, I had no knowledge that I was to return to work with or without permanent restrictions. I am enclosing copies of notes from Dr. Cavazos. In addition to this appointment, I had an Electromyogram and Nerve Conduction study completed on 1/26/2011 at Southside Neurology by Dr. Bruce Lobar. I am attaching his findings as well.

There was an offer of settlement in 2007 that I did not accept due to continuing treatment. I am still receiving treatment to this injury. I still feel numbness and tingling in that hand. I have not received a copy of the MMI [Maximum Medical Improvement] nor the IME [Independent Medical Evaluation] to know what my rating of disability is. This alleged report was completed before my last surgery on 10/22/2010. I do not feel that this case should close until I have received all necessary treatment and therapy.

App. at 66.

On July 14, 2014, Gomez filed a claim for permanent disability benefits. A hearing was held before a deputy commissioner on October 26, 2014. In an opinion issued February 11, 2015, the deputy commissioner found that Gomez had last received benefits on February 24, 2008 and therefore, in order to be timely, a claim for permanent disability benefits had to be filed by February 24, 2011. Accordingly, Gomez's July 14, 2014 claim for permanent disability benefits was untimely. The deputy commissioner found that neither the August 31, 2010 letter nor the January 25, 2011 letter constituted a claim for permanent disability benefits. Therefore, the deputy commissioner concluded that there was no timely-filed claim for permanent disability benefits, and any claim was barred by the statute of limitations. On review, the full Commission affirmed. Gomez now appeals.

II.

Gomez argues that the two letters he filed with the Commission were sufficient to constitute a claim for permanent disability and that both were filed within the statutory period for filing a claim. "Whether the information filed with the commission is sufficient to constitute a timely filed claim for a particular injury is a question of fact, and the commission's finding will not be disturbed on appeal if supported by credible evidence." Masonite Holdings, Inc. v. Cubbage, 53 Va. App. 13, 21, 668 S.E.2d 809, 812 (2008) (quoting Corporate Res. Mgmt. v. Southers, 51 Va. App. 118, 127, 655 S.E.2d 34, 38 (2008) (*en banc*)); see also Cochran Indus. VA v. Meadows, 63 Va. App. 218, 223, 755 S.E.2d 489, 491 (2014); Philip Morris USA, Inc. v. Mease, 62 Va. App. 190, 198, 745 S.E.2d 155, 159 (2013).

"'We are bound by [the Commission's] findings of fact as long as "there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved."'" City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008) (quoting Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 494, 497 (2005)). "Factual findings of the commission will not be disturbed on appeal unless plainly wrong or without credible evidence to support them." Georgia Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993). "[T]he existence of 'contrary evidence . . . in the record is of no consequence if credible evidence supports the commission's finding.'" Griffin, 51 Va. App. at 312, 657 S.E.2d at 784 (second alteration in original) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)).

Pursuant to Code § 65.2-708(A), a change-in-condition claim for permanent disability benefits for Gomez's injuries had to be filed within thirty-six months of the date for which compensation was last paid pursuant to an award. "[A] claimant bears the burden of proving his claim was timely filed." Massey Builders Supply Corp. v. Colgan, 36 Va. App. 496, 502, 553

- 4 -

S.E.2d 146, 149 (2001). "Despite requiring the timely filing of a 'claim,' the Act 'does not give a definition of "claim."'" Id. at 503, 553 S.E.2d at 150 (quoting Garcia v. Mantech Int'l Corp., 2 Va. App. 749, 752, 347 S.E.2d 548, 550 (1986)).

Commission Rule 1.1 provides as a guide that:

> An original claim for benefits shall be in writing, signed and should set forth:
> 1. Employee's name and address;
> 2. Employer's name and address;
> 3. Date of accident . . . ;
> 4. Nature of injury . . . ;
> 5. Benefits sought: temporary total, temporary partial, permanent total, permanent partial or medical benefits; [and]
> 6. Periods of disability, if appropriate.

Id. (alterations in original).

However, "[t]he [Commission] is not bound by technical rules of pleading or practice." Trammel Crow Co. v. Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 634 (1991). Thus we have held that "Commission Rule 1.1, standing alone, does not automatically exclude from consideration a claim which omits one or more of the items of information which the rule says a claim 'should set forth.'" Massey Builders, 36 Va. App. at 504, 553 S.E.2d at 150. "Formal pleadings . . . 'are not required, and so long as the notice advises the commission of necessary elements of the claim, it activates the right of the employee to compensation and invokes the jurisdiction of the commission.'" Wainwright v. Newport News Shipbuilding & Dry Dock Co., 50 Va. App. 421, 431, 650 S.E.2d 556, 571 (2007) (quoting Keith v. Ball Metal Beverage Container Corp., 45 Va. App. 50, 54, 608 S.E.2d 501, 503 (2005)). Therefore, "[a] letter is sufficient to constitute a claim if it 'identifies the employer, the date of the accident, the location of the accident, and the injuries suffered' and "'fairly apprises the *commission* that a claim [is] being made'" on behalf of the employee." Massey Builders, 36 Va. App. at 504, 553 S.E.2d at

- 5 -

150 (quoting <u>Cheski v. Arlington Cty. Pub. Schs.</u>, 16 Va. App. 936, 938, 434 S.E.2d 353, 355 (1993)).

Gomez argues that the letters he sent to the Commission on August 31, 2010 and January 25, 2011 gave notice that he was seeking permanent disability benefits. In deciding that neither of the letters constituted a claim for permanent disability benefits, the Commission noted that neither letter mentioned such a claim. The August 31 letter stated that Gomez was seeking authorization for left wrist fusion surgery, but did not mention permanent disability benefits. The January 25 letter was a response to employer's Application for Hearing. Gomez wrote that he had not received "the MMI nor the IME" and asked that his case remain open, but likewise did not make any mention of permanent disability benefits. Moreover, the Commission found that "neither the claimant nor his then-counsel took action to identify either letter as a permanent partial disability claim." And while the letters mention the types of injuries suffered, neither letter identifies "the date of the accident" or "the location of the accident." Both letters were therefore lacking the necessary elements of a claim.

Furthermore, upon receipt of the letters by the Commission, neither was treated as a claim for permanent disability benefits. The August 31, 2010 letter was treated as a claim for additional medical benefits—specifically, authorization for wrist fusion surgery. This claim for medical benefits was subsequently resolved by employer's agreement. The January 25, 2010 letter was treated as a response to the employer's Application for Hearing. And, as employer points out, the Commission did not issue any twenty-day orders or make referrals to the hearing docket in response to the letters. This evidence demonstrated that the Commission was not "fairly apprised" that Gomez was seeking permanent disability benefits.

Given this evidence and applying our deference to factual findings by the Commission, we cannot conclude that it was plainly wrong for the Commission to find that Gomez's letters

did not constitute a claim.  We therefore uphold the Commission's factual finding that there was no timely filed claim for permanent disability benefits.  Because of our conclusion, we need not address employer's argument that such a claim would have been barred by *res judicata*.

III.

For the foregoing reasons, we affirm the decision of the Commission.

Affirmed.