COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and O'Brien

KENNY L. PATTERSON

v.      Record No. 0057-19-1

UNITED PARCEL SERVICE AND
 LIBERTY INSURANCE CORPORATION

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 11, 2019

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Kenny L. Patterson, on brief), *pro se*.

(Patricia C. Arrighi; PennStuart, on brief), for appellees.


Kenny L. Patterson ("claimant") appeals a decision of the Workers' Compensation

Commission ("the Commission") finding that the shoulder injury he sustained during physical

therapy on August 11, 2016, was not a compensable consequence of his work-related accident on

June 6, 2016.

Whether a claimant has suffered an injury by accident is a mixed question of law and

fact. Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167 (2001). In its role as the

finder of fact, "the Commission resolves all conflicts in the evidence and determines the weight

to be accorded the various evidentiary submissions." Bass v. City of Richmond Police Dep't,

258 Va. 103, 114 (1999). "On appellate review, the factual findings of the [C]ommission are

binding if they are supported by credible evidence." Wagner Enterprises, Inc. v. Brooks, 12

Va. App. 890, 894 (1991). This Court "does not retry the facts, reweigh . . . the evidence, or

make its own determination of the credibility of the witnesses." Id. "[W]e defer to the

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[C]ommission's factual findings if supported by credible evidence in the record." Masonite Holdings, Inc. v. Cubbage, 53 Va. App. 13, 19-20 (2008) (quoting Bay Concrete Constr. Co. v. Davis, 43 Va. App. 528, 538-39 (2004)).

On August 11, 2016, claimant underwent physical therapy for a work-related lumbar strain and complained that he felt "faint" during an exercise. He stopped the exercise and sat in a massage chair for approximately three minutes to undergo a sonogram on his back. He testified that he continued to feel light-headed during the sonogram. After the sonogram was complete, claimant moved his leg across the chair to stand up. When he lifted his leg, he "blacked out" and fell on his right side.

Claimant denied having previously passed out before the August 11, 2016 episode, but admitted that he had felt "light-headed in the past," noting that he sometimes worked in extremely hot conditions as a UPS driver. When he visited Patient First the day after the fall from the massage chair, he complained of "occasions where [sic] he gets very lightheaded and dizzy." Claimant reported to Patient First that he had "passed out" in a chair "all of a sudden" while he was at physical therapy. He regained consciousness "immediately," and his Patient First health care provider noted, "[he] currently feels absolutely fine." Claimant admitted that he had not eaten that day.

During a medical appointment on December 6, 2016, claimant reported that the incident on August 11, 2016, was the only occasion on which he had "black[ed] out." However, during a medical appointment on August 26, 2016, claimant complained that he had experienced three recent syncopal episodes while "at rest." Claimant's medical history indicated that he suffered from hypertension, was "bord[e]rline diabetic," and had a heart murmur.

The Commission agreed with the deputy commissioner's rejection of claimant's testimony that he lost consciousness because he was performing "two hard exercises." It

stressed that claimant had a history of becoming "very lightheaded and dizzy" and that he had reported "three recent syncopal episodes" on August 26, 2016. The Commission concurred with the deputy commissioner's decision that claimant presented no medical evidence "linking" his syncope to his June 6, 2016 accident or to the treatment for his injury from that accident. Further, it held that claimant presented no medical evidence establishing that his employment related activities placed him in a position that increased "the dangerous effects" of a fall. See Southland Corp. v. Parson, 1 Va. App. 281, 284-85 (1985) (quoting 1 Larson, The Law of Workmen's Compensation § 12.11 (1972)).

Accordingly, having reviewed the record and the Commission's opinion, we find that this appeal is without merit and affirm for the reasons stated herein and for the reasons stated by the Commission in its final opinion. See Patterson v. UPS LM Insurance Corp. et al., JCN VA00001210029 (Va. Wrk. Comp. Dec. 11, 2018). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.